THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY L. BELL, Defendant-Appellant.

Second District   No. 2—88—1263

Opinion filed May 11, 1990.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William J. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Jerry L. Bell, was charged by complaint in the circuit court of Kane County with the offenses of reckless conduct (Ill. Rev. Stat. 1987, ch. 38, par. 12—5(a)) and attempting to flee and elude a peace officer (Ill. Rev. Stat. 1987, ch. 95½, par. 11—204). Following a jury trial, defendant was found guilty of reckless conduct, acquitted of attempting to flee and elude, and was sentenced to 90 days in the Kane County jail.

The sole issue raised on appeal is whether the trial court erred in refusing to consider defendant's ineffective assistance of counsel claim, which was raised after the trial court had denied defense counsel's written post-trial motion for a new trial which contained no allegation of ineffective assistance of counsel.

The following facts are relevant to our disposition of the issue raised on appeal. Defendant was arrested and charged with reckless conduct and attempting to flee and elude a police officer stemming from an incident in which he allegedly attempted to strike Officer John Demmin of the Elgin police department with an automobile during a traffic stop.

Following defendant's trial, defendant's counsel filed a written post-trial motion seeking a new trial. This motion claimed that defendant was not proved guilty beyond a reasonable doubt because the arresting officer created the situation which led to defendant's arrest and that a comment by the prosecutor during closing argument was misleading and inflammatory. This motion contained no claim of ineffective assistance of trial counsel.

On November 16, 1989, the trial court held a hearing on defendant's written, post-trial motion. Following his counsel's argument on

his post-trial motion, the trial court denied the motion. Defendant's attorney, the assistant State's Attorney, defendant, and the trial judge then engaged in a lengthy discussion as to the appropriate sentence in this case.

During the discussion as to the sentence, defendant told the trial court that the motion filed by his counsel was not the motion he intended to file and that he had asked his counsel to file a motion to withdraw. Defendant's counsel then interjected as follows:

"Your Honor, if I may just interrupt for a—Mr. Bell for a moment here on this point.

I filed a post-trial motion as part of my duty as Mr. Bell's counsel, and I raised the points that I thought needed to be raised.

Mr. Bell did inform me after the trial that he intended to file his own motions raising the points he felt needed to be raised, one of which might have included an allegation that my representation was ineffective in some respects. I told Mr. Bell that if that was his intention, and if such a motion was filed, that I would have to withdraw from representing him any further in this case.

I also informed him that it could pose a conflict in another pending case, which is 88 CM 3221, which was set for trial and is—the trial date for that was set for November 28th."

To this, defendant responded:

"I would add also that—I believe counsel would agree with me that we had an agreement that he was to file this motion—his motion to withdraw in the case due—due to the fact that I was going to raise the issue in my motion for new trial of ineffective assistance of counsel. And therefore, he felt that it would be necessary for him to withdraw if I was to raise that issue.

The motion that he presented before you is something that he done [sic] I presume out of some—some compulsion, some feeling of obligation to file the motion, just any kind of motion, but it's not the motion that I—I myself had elected to present to this Court. The basis which I have been arguing before Your Honor and which His Honor already ruled on, that's not my motion, that's not my contention."

Defendant's counsel replied that he had no objection to defendant filing a *pro se* post-trial motion and that he believed that until such motion was filed it would have been premature for him to withdraw. Defendant further elaborated:

"The motion tendered before you was not my motion. As I stated, I feel that the assistance that was tendered during the trial court proceedings was ineffective, and there are many reasons to—to—that I could cite to you, His Honor, which I think would establish the fact that, in fact, there was an ineffective assistance of counsel, and due to that reason I am entitled to either a new trial or directed verdict of acquittal or—or whatever relief the Court deems appropriate, or it is certainly a matter that should be adjudicated rather than it just being passed over because the State want[s] to get me into prison here."

The trial court, in denying defendant's written, post-trial motion, stated in pertinent part:

"So I am going to—despite the fact that you want to have your own document filed, you are represented by counsel, he filed a post-trial motion, I have heard that post-trial motion, I have denied it. All that remains now is to be sentenced."

Defendant's counsel then stated:

"Your Honor, there is just one other matter I want to put on the record.

By filing the post-trial motion that I did, I by no reason intended to deprive Mr. Bell of his opportunity to—and it's my belief that it's his right to—his right to file a pro se motion.

It's an alleged matter that he—he feels needs to be alleged, particularly if he feels—if he is—if he feels that my representation in the trial was ineffective.

My—my point simply is that he thinks that once he does that, I would be in a position of having to move to withdraw.

I believe he has a motion that he does want to file. I felt that it was—until he did so, I had an obligation to preserve whatever errors I thought exists, that's why I filed the motion that I did."

Finally, the trial court commented:

"He didn't file—we had the hearing, he asked to make a statement, I listened to his statement but that in no way gives him—him a right to put aside what was done.

I heard the post-trial motion, it was denied. You only get one shot at that."

On appeal, defendant essentially raises two arguments. First, he maintains that he was improperly denied the opportunity to present a *pro se* motion for a new trial based on a claim of ineffective assistance of counsel. Second, he contends that it was error for the trial

court not to have made a preliminary inquiry into his allegation of ineffective assistance of counsel and not to have ruled on his *pro se* motion. We believe defendant's first point is dispositive of this appeal.

■■■ Under the appropriate circumstances, a *pro se* motion for a new trial based on allegations of ineffective assistance of trial counsel will mandate appointment of new counsel to assist in the motion. (*People v. Krankel* (1984), 102 Ill. 2d 181, 189, 464 N.E.2d 1045; *People v. Washington* (1989), 184 Ill. App. 3d 703, 711, 540 N.E.2d 1014.) If a defendant presents a *pro se* motion for a new trial alleging ineffective assistance of counsel, the trial court should examine the factual matters underlying the claim, and, if the claim lacks merit or pertains to matters of trial strategy, then no new counsel need be appointed. (*Washington*, 184 Ill. App. 3d at 711, 540 N.E.2d at 1019; *People v. Jackson* (1985), 131 Ill. App. 3d 128, 139, 474 N.E.2d 466.) Only if the allegations show possible neglect of the case, for which counsel could undertake an independent evaluation of defendant's complaint and present the matter to the court, should new counsel be appointed. *Washington*, 184 Ill. App. 3d at 711, 540 N.E.2d at 1019.

■■ This case presents a unique circumstance in the context of a *pro se* post-trial claim of ineffective assistance of trial counsel. The trial court here precluded defendant from ever presenting a motion for new trial based on ineffective assistance of counsel because his trial counsel presented a written post-trial motion which contained no such claim and which had already been denied. We believe under the peculiar circumstances present here it was error for the trial court not to allow defendant to present his *pro se* motion or to consider such motion.

Defendant's counsel stated that he and defendant had discussed the ineffective assistance of counsel claim and that he told defendant he would have to withdraw from the case if defendant raised the ineffective assistance claim. Defendant added that he and his counsel had agreed that counsel would file a motion to withdraw due to defendant's intention to file a motion for a new trial based on ineffective assistance of counsel. Defendant further emphasized that the post-trial motion presented by his counsel was not the motion that he intended to file and that the bases for a new trial relied on therein were not his contentions for a new trial.

Defendant's counsel commented that he had no objection to defendant filing a *pro se* post-trial motion, but that it was his belief that until the motion was filed it would have been premature for him to withdraw. Defendant's counsel further elaborated that by his filing the post-trial motion he did not intend to deprive defendant of his

right to file a *pro se* motion alleging ineffective assistance of counsel. Counsel believed that defendant had a motion he wanted to file and that until defendant filed it he had an obligation to file the written post-trial motion.

We believe that these circumstances present a classic "Catch-22" situation. Defendant thought he could not file his *pro se* motion until his counsel moved to withdraw, which he believed counsel intended to do. Defendant's counsel, on the other hand, thought that he could not move to withdraw until defendant filed his *pro se* motion and also thought he was obliged to file a written post-trial motion so long as he remained counsel of record. The trial court complicated matters by denying defendant's counsel's post-trial motion and then ruling that once the motion was denied defendant could not file nor could it consider another post-trial motion.

It is clear, under these circumstances, that defendant was improperly denied an opportunity to present his *pro se* motion in the first instance. Because defendant was prohibited from even presenting a motion, he was denied an opportunity to raise specific allegations of ineffective assistance of counsel and to seek substitute counsel to assist him with the motion. Neither the trial court, nor this court, can give proper consideration to defendant's claim absent the opportunity for defendant fully to present his claim.

While we are cognizant of one appellate decision that suggests that a *pro se* motion claiming ineffective assistance of counsel presented after a ruling on a post-trial motion made by defense counsel may be untimely (*People v. Brandon* (1987), 157 Ill. App. 3d 835, 510 N.E.2d 1005), we find the facts of this case uniquely distinguishable from that case. As such, that case is not controlling here. Although the timeliness of a *pro se* motion may be relevant under some circumstances, it is not so where, as here, the record clearly shows the timeliness was affected by a misunderstanding between defendant and his counsel.

For the foregoing reasons, we remand this cause for the limited purpose of allowing defendant to file a post-trial motion alleging the ineffective assistance of counsel and for a hearing on the motion, with appointed counsel other than his originally appointed counsel if the allegations of incompetence are such to require counsel. If, after the hearing, the judge finds that the defendant did not in fact receive effective assistance of counsel, then he shall order a new trial. If, however, he determines that the defendant received the effective assistance of counsel, he shall deny a new trial and leave standing defendant's conviction and sentence. If the circuit court denies

defendant a new trial, defendant can still appeal to the appellate court based on his assertion of ineffective assistance of counsel. See *People v. Krankel* (1984), 102 Ill. 2d 181, 189, 464 N.E.2d 1045.

Remanded with directions.

UNVERZAGT, P.J., and INGLIS, J., concur.