THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES NASH, Defendant-Appellant.

Fifth District   No. 5—89—0730

Opinion filed April 26, 1991.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Thomas R. Lamont, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Following a jury trial in the circuit court of Madison County, defendant, Charles Nash, was found guilty of two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1)). Defendant was sentenced to concurrent terms of 25 years' imprisonment. On appeal, defendant argues that he was denied a fair trial by the improper conduct of the prosecuting attorney and that the trial court's failure to further inquire into allegations of ineffective assistance of counsel presented in his post-trial motion was reversible error. We believe defendant's latter contention is dispositive of this appeal.

Defendant was represented at his trial and sentencing hearing by private counsel, William Walker. On September 16, 1989, the day after defendant was sentenced, he wrote a letter to the trial court requesting that an attorney be appointed to handle his post-trial motion as he did not have sufficient assets to retain one. Thereafter, the court appointed Walker to handle defendant's post-trial motion. On October 13, 1989, defendant, by appointed counsel Walker, filed a post-trial motion alleging, *inter alia*, "[t]hat he had ineffective assistance of counsel; that said counsel did not assert the important issues nor contradictions during the closing arguments nor throughout the trial; said counsel did not poll the jury; and said counsel did not obtain and call witnesses defendant wanted to call."

At the hearing on the motion held October 26, 1989, Walker repeated defendant's allegations of ineffectiveness, briefly explained his position on them, and asked that defendant be allowed to address the court regarding his claims. The court, stating that it was "highly unusual to have a defendant argue his Post-Trial Motion when he has counsel present," denied defendant's request to speak, and at the conclusion of argument by counsel, denied defendant's post-trial motion.

Under the appropriate circumstances, a post-trial motion alleging ineffective assistance of trial counsel will mandate appointment of new counsel to assist in the motion. (*People v. Bell* (1990), 197 Ill. App. 3d 613, 617, 554 N.E.2d 1108, 1110.) If a defendant presents a post-trial motion alleging ineffective assistance of counsel, the trial court should examine the factual matters underlying the claim, and if the claim lacks merit or pertains to matters of trial strategy, then no new counsel need be appointed. (*People v. Washington* (1989), 184 Ill. App. 3d 703, 711, 540 N.E.2d 1014, 1019; *People v. Jackson* (1985), 131 Ill. App. 3d 128, 139, 474 N.E.2d 466, 474.) Only

if the allegations show possible neglect of the case, for which counsel could undertake an independent evaluation of defendant's complaint and present the matter to the court, should new counsel be appointed. *Washington*, 184 Ill. App. 3d at 711, 540 N.E.2d at 1019.

In *People v. Davis* (1991), 208 Ill. App. 3d 33, 566 N.E.2d 932, this court recently addressed the question of the proper procedure to be followed in evaluating defendant's post-trial ineffective assistance claims. In *Davis*, the defendant spoke directly to the court at sentencing, indicating that he felt his attorney had not done an adequate job of challenging the credibility of the State's expert witnesses and that he did not call two particular witnesses. As in the case at bar, counsel in *Davis* expressed his client's desire to address the court and explained, in general terms, the ineffective assistance claims that the defendant wished to make and counsel's responses to them.

This court held in *Davis* that the trial court had treated the defendant's post-trial motion properly, because "[t]he court listened to what defendant had to say and characterized the complaints as relating to trial strategy." (*Davis*, 208 Ill. App. 3d at 43, 566 N.E.2d at 938; see also *People v. Levy* (1989), 186 Ill. App. 3d 842, 542 N.E.2d 930 (proper procedure followed where court considered ineffective assistance allegations of post-trial motion and questioned defendant's attorney and defendant); *Bell*, 197 Ill. App. 3d 613, 554 N.E.2d 1108 (error for trial court not to allow defendant to present his claims of ineffective assistance of counsel where trial counsel presented written post-trial motion which contained no such claims and which had already been denied).) It was therefore not "highly unusual," as the trial court here believed, for defendant to speak in defense of his claims.

■ We believe that under the circumstances present here, it was error for the trial court not to allow defendant to be heard. Defendant's counsel stated that he and defendant had discussed the ineffective assistance of counsel claims and that he was representing defendant out of a "duty to the Court from the appointment that I have." It is clear from the record that defendant's counsel, in presenting these claims, believed that defendant would have an opportunity to further explain his position. Because defendant was prohibited from speaking, the court was denied a complete explanation of the facts underlying defendant's claims. "Neither the trial court, nor this court, can give proper consideration to defendant's claim absent the opportunity for defendant fully to present his claim." *Bell*, 197 Ill. App. 3d at 618, 554 N.E.2d at 1111.

410

For the foregoing reasons, we reverse and remand this cause for a new hearing on defendant's claims of ineffective assistance of counsel. If, upon further inquiry, defendant's allegations show possible neglect of the case, counsel other than defendant's original counsel should be appointed to undertake an independent evaluation of defendant's complaint and present the matter to the court. In a new hearing, if the trial court finds that defendant did not, in fact, receive effective assistance of counsel, then it shall order a new trial. If, however, the court determines that defendant received the effective assistance of counsel, it shall deny a new trial and leave standing defendant's conviction and sentence. If the trial court denies defendant a new trial, defendant may still appeal to this court his assertions of ineffective assistance of counsel and prosecutorial misconduct. See *Bell*, 197 Ill. App. 3d at 618-19, 554 N.E.2d at 1111-12.

Reversed and remanded with directions.

LEWIS and HOWERTON, JJ., concur.