

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2005

# In Re: Wagner

Precedential or Non-Precedential: Precedential

Docket No. 03-4254

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Wagner " (2005). *2005 Decisions.* Paper 493.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/493

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4254

———

IN RE: JOSEPH L. WAGNER,
                                        Petitioner

———

On Request for Permission to File
a Second or Successive Habeas Corpus Petition
Pursuant to 28 U.S.C. § 2244(b)

———

Appeal from the United States District Court
For the Middle District of Pennsylvania
District Judge: Honorable William W. Caldwell

_____

Submitted on Motion Under Third Circuit LAR 34.1(a)
May 23, 2005

Before:  SCIRICA, Chief Judge, ALITO and ROSENN,
Circuit Judges.

(Filed September 6, 2005 )

R. Damien Schorr
1015 Irwin Drive
Pittsburgh, PA 15236
    *Counsel for Petitioner*

Theodore B. Smith, III
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

Christian A. Fisanick
Office of United States Attorney
235 N. Washington Avenue
Scranton, PA 18501

    *Counsel for Respondent*

_____

## OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

    Joseph Wagner was convicted in the U.S. District Court for the Middle District of Pennsylvania in 1993 of one count of violating 21 U.S.C. § 856(a)(2), for using his store in York, Pennsylvania, for the manufacture and distribution of crack cocaine. In the ensuing years, Wagner has persistently pursued unsuccessful efforts for post-conviction relief. In this

latest chapter of these drawn-out collateral proceedings, Wagner ostensibly seeks leave to file a second or successive motion to vacate his judgment of conviction and sentence, pursuant to 28 U.S.C. §§ 2244 and 2255. Alternatively, he argues that he needs no authorization to file a second or successive § 2255 motion, on the basis of Castro v. United States, 540 U.S. 375 (2003). For the following reasons, we agree that Wagner is entitled to file a § 2255 motion without obtaining this Court's permission. Accordingly, we vacate the District Court's orders denying Wagner's § 2255 motions pursuant to 28 U.S.C. § 2244(b)(3)(A).

I.

Because it is central to our holding, we describe the procedural history of Wagner's case in some detail. In 1993, Wagner pleaded nolo contendere to a charge under 21 U.S.C. § 856(a)(2). On February 28, 1994, the U.S. District Court for the Middle District of Pennsylvania sentenced Wagner to 188 months' imprisonment. Wagner did not file a direct appeal. Rather, he moved to strike the judgment and to withdraw his plea, on the ground of ineffective assistance of counsel. ("First Motion") From the record before us, it is unclear under what statute(s) Wagner brought this motion, but Wagner admits that this was his "first . . . collateral attack" on his judgment of conviction and sentence. The Government argues that the District Court "seriously entertained Wagner's initial motion" and conducted "an evidentiary hearing on Wagner's claims of ineffective assistance of counsel." On April 24, 1995, the District Court denied Wagner's motion. On July 24, 1996, this Court affirmed that denial. See United

States v. Wagner, 92 F.3d 1174 (3d Cir. 1996) (table).

A few months later, in October 1996, Wagner filed a pro se motion for post-conviction relief in the District Court, claiming opaquely that the District Court lacked jurisdiction to enter a criminal judgment against him. ("Second Motion") Wagner characterized the motion as an "ex parte Rule 60(b)(6) motion," and explicitly stated that it was "not a § 2255 Motion." The District Court, however, recharacterized the motion as: "a pro se motion to vacate his sentence under 28 U.S.C. § 2255, styled as an 'ex parte Rule 60(b)(6) motion.'" In an order dated October 31, 1996, the District Court denied the motion. This Court denied a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(2), because Wagner had not made a substantial showing of the denial of a constitutional right. Wagner filed a petition for writ of certiorari, which the U.S. Supreme Court denied on October 14, 1997. See Wagner v. United States, 522 U.S. 925 (1997). Wagner now argues that the District Court's failure to notify him of its intention to transform his Rule 60(b)(6) motion into a § 2255 motion, to apprise him of the consequences of this recharacterization, and to allow him an opportunity to withdraw or amend the motion, violated his rights under Castro v. United States, 540 U.S. 375 (2003).

On May 6, 1997, before Wagner's Second Petition was finally adjudicated, he filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. ("Third Motion") The District Court denied this motion on the ground that it was his second or successive § 2255 motion, which, therefore, required him to obtain an order of this

4

Court, pursuant to 28 U.S.C. § 2244(b)(3)(A), authorizing the District Court to review his claims.[1] On September 18, 1997, this Court entered an order denying a certificate of appealability, and declaring that Wagner's motion to vacate his conviction was a successive § 2255 motion which required this Court's authorization, pursuant to § 2244, before the District Court could consider it. Wagner did not file a petition for writ of certiorari.

In 2001, Wagner filed yet another § 2255 motion in the District Court, this time seeking relief under Apprendi v. New Jersey, 530 U.S. 466 (2000). ("Fourth Motion") The District Court denied this motion, and Wagner did not appeal to this Court, because he "believed it to be frivolous and [he] did not want to 'waste' the Court's valuable time.'"

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Under § 2255, the courts of appeals may authorize a second or successive § 2255 motion only if it is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

Finally, Wagner initiated the instant proceedings in October 2003, by filing a motion under 28 U.S.C. § 2244 for an order of this Court authorizing the District Court to consider a second or successive § 2255 motion. Wagner claims that he intends to present new claims of ineffective assistance of trial counsel, and to challenge various sentence enhancements. Counsel was appointed to represent Wagner, specifically to address the impact on Wagner's motion of Castro v. United States, 540 U.S. 375 (2003). Through counsel, Wagner argues that the District Court's transformation of his Rule 60(b)(6) motion into one under § 2255 violated Castro. He argues that, therefore, he "never filed a first 2255 motion and consequently does not need approval from this Court to file the motion that he now contemplates."

## II.

The district court carefully reviewed Wagner's Second Motion, filed in October 1996, and concluded that it attacked the jurisdiction of the District Court in imposing the judgment of conviction and sentence. Thus, although it was labeled as a motion under Fed. R. Civ. P. 60(b)(6), it was in substance a motion under 28 U.S.C. § 2255. We affirmed. Subsequently, however, the U.S. Supreme Court announced its decision in Castro v. United States, in which it acknowledged that federal courts sometimes recharacterize motions brought by pro se prisoners, but that this practice could result in unintended consequences for the pro se litigants. In an opinion authored by Justice Breyer, the Court held that, before "a court recharacterizes a pro se litigant's motion as a first § 2255

6

motion," the court "must notify the pro se litigant that it intends to recharacterize the pleading," as well as "warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Castro, 540 U.S. at 383. "If the court fails to do so," then "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions."[2] Id. This court also held in United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999) that district courts must first take certain "prophylactic measures" before recharacterizing a pro se petitioner's post-conviction motion as a § 2255 motion denominated as such.

Over the past decade, Wagner has filed four motions in the District Court for post-conviction relief. The District Court denied Wagner's first two motions on the merits. This Court affirmed. However, under Castro, neither of these documents are properly viewed as motions under § 2255. Wagner's first motion did not invoke § 2255 and the order denying the motion did not construe it as such. The District Court recharacterized Wagner's Rule 60(b)(6) motion, his

---

[2]     The Supreme Court applied its holding to Castro's case, noting that its "'supervisory power' determinations normally apply, like other judicial decisions, retroactively, at least to the case in which the determination was made." Castro, 540 U.S. at 383.

Second Motion, as a motion under § 2255, without notifying Wagner and providing him with an opportunity to withdraw the motion or amend it so that it contained every § 2255 claim he believed he had.  Castro, 540 U.S. at 383.  Accordingly, Wagner's Second Motion "cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Id. Thus, Wagner's Third Motion was not a second § 2255 motion and his Fourth Motion was not a successive § 2255 motion.

Although we understand the Government's frustration with Wagner's efforts to further protract these collateral proceedings by capitalizing on this Castro error, we hold that Wagner is entitled to file a motion pursuant to § 2255. Accordingly, the District Court's orders denying Wagner's Third and Fourth Motions as second or successive § 2255 motions are vacated.

## III.

For the foregoing reasons, Wagner does not require the permission of this Court to file a § 2255 motion.  The case will be remanded to the District Court for further proceedings not inconsistent with this opinion.