SECOND DIVISION
September 5, 2006

No. 1-03-2927

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Cook County. |
| | ) | |
| CHARLES DIXON, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | James D. Egan, |
| | ) | Judge Presiding. |
| | ) | |

MODIFIED UPON DENIAL OF REHEARING

JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from defendant Charles Dixon's convictions for first-degree murder and armed robbery following a jury trial. He was sentenced to natural life imprisonment for murder and a consecutive 30-year term for armed robbery.

On August 10, 1998, defendant entered the shoe repair shop of 67-year-old Ionya Feldman in Chicago's Rogers Park neighborhood, armed with a piece of wood that was 2½ feet long by approximately 4 to 5 inches wide. Defendant beat Feldman with the stick and stole his wallet. Feldman died from his injuries in November of 1998, and defendant had not yet been apprehended. Defendant was extradited from Minnesota in early 1999 and subsequently charged with first-degree murder, including several counts of felony murder, armed robbery and several counts of aggravated battery. On June 15, 2001, the State filed a notice of its intent to seek the death penalty based upon felony murder, the victim was over 60 years old, and the death resulted

from exceptionally brutal or heinous behavior indicative of wanton cruelty. The State, however, withdrew its intent to seek the death penalty prior to trial. The jury subsequently returned a verdict of guilty for first-degree murder and armed robbery.

Shortly thereafter, defendant filed a *pro se* motion alleging ineffective assistance of counsel by his attorney on several grounds, including his failure to call alibi witnesses, failure to subpoena medical specialists, failure to investigate crime scenes, deliberately and maliciously failing to introduce evidence and subpoena witnesses at a hearing for a motion to suppress statements, failure to develop evidence in support of assertions made during opening statements, failure to impeach detectives, forcing defendant to change his testimony, and failure to challenge the constitutionality of a meritorious issue during the motion to suppress statements. Defendant was represented at trial by the office of the public defender of Cook County. The trial court conducted a factual inquiry into defendant's claims, allowing him to present his allegations to the court and inquiring of trial counsel regarding the claims, although trial counsel declined to comment. The trial court denied defendant's request for new counsel.

Defendant then informed the trial court that he did not want the continued representation of his trial counsel and refused to let trial counsel represent him, arguing he had sabotaged his case. The trial court then asked defendant if he wanted to proceed *pro se,* to which he replied he did. The court then allowed the public defender to withdraw, and defendant proceeded *pro se*, requesting a continuance in order to research the legal issues.

Defendant subsequently filed a motion for a new trial, which was heard on August 22, 2003. The trial court asked defendant whether he wished to present any evidence, and defendant

declined. The State then called the assistant public defender who represented defendant as its witness. Defendant began cross-examining his former defense counsel, and in the middle of his cross-examination, requested a continuance to bring in family members as witnesses. The trial court denied the request and subsequently denied defendant's motion for a new trial.

After consideration of the evidence presented in aggravation and mitigation, the trial court sentenced defendant to natural life imprisonment for first-degree murder and a consecutive 30-year sentence for armed robbery.

Defendant has raised six issues for our review: (1) whether he was deprived of his right to counsel where the trial court granted defense counsel's motion to withdraw but refused to appoint alternate counsel, forcing defendant to complete his posttrial proceedings *pro se*; alternately, defendant contends that he did not validly waive his right to counsel for posttrial proceedings where he pleaded with the court for an attorney to represent him and the trial court failed to admonish him in accordance with the sixth amendment and Rule 401 (134 Ill. 2d R. 401); (2) whether he was entitled to the appointment of counsel during his posttrial allegations of ineffective assistance of counsel, where his claims were supported by the record and showed possible neglect of his case; alternatively, he contends that remand is necessary to determine if new counsel is required, where the court used the wrong legal standard, failed to consider many of defendant's claims, and failed to conduct an interchange with defense counsel; (3) whether he was denied his due process right to fair adjudication of his motion for a new trial where the trial court permitted the State to present evidence but refused to allow defendant to present relevant, competent, responsive evidence because the State's witness had already denied the allegations in

the motion; (4) whether his natural life sentence is void and must be reduced to 60 years where the trial court expressly based the sentence on a factor not authorized by statute - defendant's prior armed robbery convictions; in the alternative, whether this matter should be remanded for resentencing; (5) whether the plain language and purpose of the consecutive-sentencing statute prohibit imposition of a sentence consecutive to a sentence of natural life; and (6) whether this court should remand for proper Rule 605(a)(3) (188 Ill. 2d R. 605(a)(3)) admonishments and give defendant a chance to file a motion to reconsider his sentence where the trial court failed to admonish him.

Defendant's first three issues center around his posttrial proceedings. He first contends he was deprived of his right to counsel during posttrial proceedings where the trial court granted his trial counsel's motion to withdraw but refused to appoint alternate counsel. Next, he maintains that he was entitled to the appointment of counsel during his posttrial allegations of ineffective assistance of counsel. Third, defendant argues he was denied his due process right to the fair adjudication of his motion for new trial where the trial court refused to allow him to present relevant, competent, responsive evidence but allowed the State to present evidence.

As stated earlier, defendant was represented at trial by the office of the Cook County public defender. After the jury's verdict, defendant made a comment that his trial counsel was a "saboteur of [his] case." Defendant subsequently filed a *pro se* posttrial motion for a new trial based on ineffective assistance of counsel. The trial court allowed defense counsel to withdraw after defendant presented factual allegations, and new counsel was not appointed for the remainder of defendant's posttrial proceedings.

"A defendant is entitled to counsel pursuant to the sixth amendment of the United States

Constitution.  U.S. Const., amends. VI, XIV.  An indigent defendant has the right to have counsel appointed for him."  People v. Hughes, 315 Ill. App. 3d 86, 91 (2000), citing Gideon v. Wainwright, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963).  The Illinois Supreme Court has noted that "it is now well established that a defendant has a constitutional right to be represented by counsel 'at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected' [citation] and that sentencing is one such stage."  People v. Baker, 92 Ill. 2d 85, 90 (1982), quoting Mempa v. Rhay, 389 U.S. 128, 134, 19 L. Ed. 2d 336, 340, 88 S. Ct. 254, 257 (1967).  A defendant may waive this right and proceed without counsel but only if the defendant "voluntarily and intelligently elects to do so."  Baker, 92 Ill. 2d at 90; 134 Ill. 2d R. 401(a).  "However, even if defendant does not elect to waive his right to counsel, defendant may not use this right as a weapon to undermine the trial court's responsibility to administer justice."  Hughes, 315 Ill. App. 3d at 91.  "We review the trial court's finding that defendant waived his right to counsel under an abuse of discretion standard."  Hughes, 315 Ill. App. 3d at 91.

"Under the appropriate circumstances, a *pro se* motion for a new trial based on allegations of ineffective assistance of trial counsel will mandate appointment of new counsel to assist in the motion."  People v. Bell, 197 Ill. App. 3d 613, 617 (1990). "If a defendant presents a *pro se* motion for a new trial alleging ineffective assistance of counsel, the trial court should examine the factual matters underlying the claim, and, if the claim lacks merit or pertains to matters of trial strategy, then no new counsel need be appointed."  Bell, 197 Ill. App. 3d at 617. "Only if the allegations show possible neglect of the case, for which counsel could undertake an independent evaluation of defendant's complaint and present the matter to the court, should new

counsel be appointed." Bell, 197 Ill. App. 3d at 617.

"When a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the *pro se* defendant's allegations of ineffective assistance of counsel." People v. Young, 341 Ill. App. 3d 379, 382 (2003). At a minimum, the trial court must afford the defendant an opportunity to specify and support his complaints. People v. Cummings, 351 Ill. App. 3d 343, 351 (2004). Additionally, some interchange between defense counsel and the trial court is permissible but a brief discussion between the trial court and the defendant may be sufficient. Cummings, 351 Ill. App. 3d at 351-52. The trial court may also base its evaluation of the defendant's *pro se* allegations "on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." Cummings, 351 Ill. App. 3d at 352, quoting People v. Moore, 207 Ill. 2d 68, 79 (2003). "A trial court's finding that it is unnecessary to appoint new counsel will not be disturbed on appeal unless it is manifestly erroneous." Young, 341 Ill. App. 3d at 382.

In the case at bar, prior to sentencing, the trial court noted defendant's comment at the previous court appearance regarding his counsel's "sabotage" of his case and inquired as to whether defendant had a motion related to his allegations of ineffective assistance against the public defender's office. Defendant proceeded to outline several allegations of ineffective assistance, including the failure to interview or call witnesses, the failure to present specific evidence at pretrial hearings and during trial, and that trial counsel told him to lie during his trial testimony. Defendant was allowed to explain each allegation and what he believed was improper. Defense counsel declined to comment on defendant's allegations, and the State was

allowed to respond. The trial court found that trial counsel was not at fault for failing to call

defendant's alibi witnesses since defendant did not know what they would testify to or what they

had already told police. The court also noted that two of the State's witnesses had testified to

seeing defendant in the area just before the incident, and one witness testified she was with

defendant that day and waiting outside when the incident occurred. The court then concluded

that the testimony of medical experts, as alleged by defendant, was irrelevant to the case based

on the testimony at trial; that both trial counsel and his assistant had a good idea of the crime

scene based upon their questioning of witnesses during trial; that the motions to suppress

statements were properly presented by defense counsel but denied based on the credibility of the

State's witnesses; and that defendant's motion to suppress statements was properly denied. The

trial court concluded trial counsel was not ineffective, that none of defendant's motions would

alter the guilty verdict as the evidence was overwhelming, and denied defendant's motion. The

trial court also denied defendant's request for another attorney and stated that trial counsel could

represent defendant throughout the remainder of the posttrial proceedings. Defendant then stated

the following:

> "Why don't we do sentencing, but [defense counsel] can't represent
>
> me. I don't want [defense counsel] representing me. Give me my
>
> life sentence and let me file my post-conviction, but I don't want to
>
> have [defense counsel] to do anything. I would like a copy of this
>
> stamp-filed, and we will deal with that. I will let the courts deal
>
> with that."

At that juncture, the trial court granted defense counsel's pending motion for leave to

withdraw. The case was then continued to allow defendant time to review the motion for a new trial that had been previously filed by defense counsel and to do some research into his case. At the next court date, the trial court allowed the State to make further inquiry into defendant's allegations of ineffective assistance, and subsequently, defendant filed a *pro se* motion for a new trial, to which he appended part of defense counsel's original motion for a new trial, as well as a *pro se* post-conviction petition.

The State called defendant's trial counsel to testify in response to defendant's allegations. Defense counsel testified that: (1) he never advised defendant to testify falsely at any time; (2) he spoke with defendant's family members many times prior to and during the trial, and they were unable to provide any alibi for him; (3) none of defendant's proffered alibi theories checked out during investigation; and (4) the proposed use of medical testimony in the defense theory changed once the State decided not to seek the death penalty. Defendant began to cross-examine defense counsel but stopped during questioning to request that he be allowed to bring his family members in to testify concerning counsel's actions during trial. The trial court denied defendant's request for further witnesses, and defendant had nothing further to add to his motion. The State placed a certified copy of defendant's convictions, which included his inmate history and transfer from custody in the Illinois Department of Corrections on February 25, 1993, to federal custody, into evidence in response to allegations made in defendant's motion for a new trial concerning his prior offenses. The trial court subsequently denied defendant's motion for a new trial, and a date was set for sentencing.

We find that the trial court's determination that trial counsel provided effective assistance to defendant during the pendency of his case was not manifestly erroneous, and the record does

not reveal that the appointment of counsel was necessary for investigation into defendant's claims. The trial court conducted numerous inquiries and allowed defendant ample time to present and develop his allegations against his trial counsel over several court dates. The State called defense counsel as a witness, and he was questioned by both the State and defendant as to the factual allegations of defendant's claims. Furthermore, the record does not support defendant's contention that he was deprived of counsel during his posttrial proceedings, nor does the record reflect any possible neglect of his case by trial counsel. The record indicates that he unequivocally waived his right to counsel in open court and clearly understood that he would be proceeding *pro se* as evidenced by his repeated requests for time to research the issues concerning his posttrial motions, all of which were granted by the trial court. We conclude that the trial court did not abuse its discretion in finding that defendant waived his right to counsel during his posttrial proceedings. Defendant's claim that he was denied due process rights because he was not allowed to present evidence during the hearing on his motion for a new trial is without merit. Defendant was aware of the hearing date, as was the State. In fact, the hearing was scheduled so as to allow defendant ample time to prepare. If defendant wanted to have witnesses at the hearing, he had time to secure their presence well in advance of the hearing date, and the trial court did not abuse its discretion in refusing to grant him a continuance to secure witnesses. See People v. Rodgers, 288 Ill. App. 3d 167, 172 (1997).

Defendant next contends that his natural life sentence is void and should be reduced to 60 years, the nonextended maximum sentence for first-degree murder, where the trial court expressly based his sentence on a factor not authorized by statute – defendant's prior armed robbery convictions. Alternately, defendant contends this matter should be remanded for a new

sentencing hearing.  Second, defendant contends that the plain language of the consecutive-sentencing statute prohibits the imposition of a sentence consecutive to a sentence of natural life, so his armed robbery sentence must run concurrently.

We note that defendant did not raise his present sentencing issues at his sentencing hearing or in a postsentencing motion.  However, we agree with defendant that we may review his claim that the trial court's sentence was void.  "A sentence imposed without statutory authority is not subject to defendant's forfeiture."  People v. Palmer, 218 Ill. 2d 148, 154 (2006).  "It is well established that a sentencing judge cannot impose a penalty not otherwise allowed by the sentencing statute in question."  Palmer, 218 Ill. 2d at 154.  We, thus, address (1) whether the trial court correctly imposed a natural life sentence for first-degree murder, and (2) if so, whether the trial court properly imposed a consecutive term for armed robbery.

Defendant was convicted of first-degree murder under a felony murder theory and armed robbery.  To convict a defendant of felony murder, the State must prove beyond a reasonable doubt that the defendant killed an individual without lawful justification if, in performing the acts that caused the death, he was attempting or committing a forcible felony other than second-degree murder.  720 ILCS 5/9-1(a)(3) (West 2004); People v. Derr, 316 Ill. App. 3d 272, 277 (2000).  A forcible felony includes armed robbery (see 720 ILCS 5/2-8, 18-2 (West 2004)).  "Death does not have to be contemporaneous with the commission of the forcible felony."  Derr, 316 Ill. App. 3d at 277.  "A robbery victim can linger for months before dying and it is still felony murder, provided the acts that caused the belated death were performed during the commission of the robbery."  (Emphasis omitted.)  People v. Derr, 346 Ill. App. 3d 823, 832 (2004).

Here, the evidence presented at trial established that defendant, while armed with a large piece of wood, entered the shoe shop of the victim, beat him with the wood and stole his wallet. The victim was a 67-year-old man whose injuries resulted in a coma from which he never recovered. We find the evidence was sufficient to convict defendant of armed robbery and felony murder.

Section 9-1 of the Criminal Code of 1961 also lists aggravating factors to first-degree murder that will make a defendant eligible for the death penalty including felony murder (720 ILCS 5/9-1(b)(6) (West 2004)) and that the murdered individual was 60 years of age or older (720 ILCS 5/9-1(b)(16) (West 2004)). Thus, defendant was death-penalty eligible. However, the State withdrew its intention to seek the death penalty prior to trial. Under the Unified Code of Corrections, the sentence for first-degree murder is not less than 20 years and not more than 60 years (730 ILCS 5/5-8-1(a) (West 2004)), or, if the trier of fact finds that any of the aggravating factors listed in subsection (b) of section 9-1 of the Criminal Code are present, the court may sentence the defendant to a term of natural life imprisonment (730 ILCS 5/5-8-1(a)(1)(c) (West 2004)). Thus, contrary to defendant's assertions, he was eligible for a sentence of natural life imprisonment for felony murder, so his sentence was not void. Accordingly, we affirm the trial court's sentence of natural life imprisonment.

Defendant further contends that the plain language of the consecutive-sentencing statute prohibits the imposition of a sentence consecutive to a sentence of natural life, so his armed robbery sentence must run concurrently. The State concedes, citing People v. Palmer, 218 Ill. 2d 148 (2006). In Palmer, the supreme court held that it is impossible to serve or enforce sentences consecutive to life without parole (Palmer, 218 Ill. 2d at 164), and there is only one way a

defendant can serve a natural life sentence, with his one life (Palmer, 218 Ill. 2d at 168). "Therefore, the sentences may not be consecutive, but must be concurrent because concurrent sentences are sentences which operate simultaneously." Palmer, 218 Ill. 2d 168.  Accordingly, we vacate the circuit court's order that defendant's sentences be served consecutively and impose concurrent sentences in the exercise of our supervisory authority pursuant to Supreme Court Rule 615(b)(4).  134 Ill. 2d R. 615(b)(4).

Next, defendant contends that at a minimum, this court should remand his case for proper Rule 605(a)(3) admonishments and give him a chance to file a motion to reconsider his sentence where the trial court failed to admonish him and defendant raised meritorious sentencing errors in this appeal.

"The purpose of the Rule 605 admonishment is to ensure a defendant is aware of the requirements of Supreme Court Rule 604(d) [(188 Ill. 2d R. 604(d))], which set forth the deadlines and requirement for appeals from sentences imposed upon a plea of guilty." People v. Valentin, 347 Ill. App. 3d 946, 954-55 (2004).  Our supreme court recently addressed this issue in People v. Henderson, 217 Ill. 2d 449, 470 (2005), holding that "where a defendant has received incomplete Rule 605(a) admonishments regarding the steps necessary to preserve sentencing issues for appeal, remand is required only if the defendant was prejudiced or denied real justice as a result of the trial court's inadequate admonishments."

Here, the record indicates that the trial court failed to admonish defendant according to the requirements of Rule 605(a).  However, we find that remand is not required because defendant was not prejudiced as a result of the trial court's inadequate admonishments since his sentencing issues have been fully addressed in this appeal.

For the foregoing reasons the judgment of the circuit court is affirmed in part and vacated in part and the sentence is modified.

Affirmed in part and vacated in part; sentence modified.

GARCIA, P.J., and HALL, J., concur.