THIRD DIVISION
February 28, 2007

No. 1-05-3600

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 87 CR 4330 |
| | ) | |
| SHERMAN SPEARS, | ) | Honorable |
| | ) | Joseph G. Kazmierski, Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE THEIS delivered the opinion of the court:

Defendant Sherman Spears appeals from the trial court's order denying him leave to file his second petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2004)) because he failed to establish cause for his failure to raise his claims in his initial postconviction proceeding and prejudice resulting from that failure. On appeal, defendant makes two new arguments: (1) that the trial court erred in deeming his petition successive where his previous collateral motion was improperly recharacterized as a postconviction petition in violation of People v. Shellstrom, 216 Ill. 2d 45, 833 N.E.2d 863 (2005), and (2) that the consecutive nature of his sentences is void under People v. Palmer, 218 Ill. 2d 148, 843 N.E.2d 292 (2006), because the trial court imposed his 60-year sentence consecutive to a sentence of natural life. For the following reasons, we affirm in part, vacate in part, and modify defendant's sentence.

1-05-3600

Following a jury trial, defendant was convicted of the first degree murder of Sharon Eskridge, the attempted murder of Karen Spaulding, and home invasion on October 3, 1989. He was found eligible for the death penalty and was sentenced to natural life imprisonment for murder and an extended term of 60 years' imprisonment for attempted murder based on the trial court's determination that the offenses were accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. The court also ordered that these sentences run consecutively. The facts surrounding these crimes are set forth in his direct appeal and need not be repeated here. See People v. Spears, 256 Ill. App. 3d 374, 628 N.E.2d 376 (1993).

On direct appeal, defendant argued that the trial court erred in allowing the introduction of gang evidence and hearsay evidence, the court abused its discretion in refusing to publish to the jury a newspaper article, the prosecutor made improper remarks, defendant was afforded ineffective assistance of counsel, and his sentences were excessive and improper. This court rejected these arguments and affirmed his convictions and sentences. People v. Spears, 256 Ill. App. 3d 374, 628 N.E.2d 376 (1993). Defendant's petition for leave to appeal to the Illinois Supreme Court was denied on December 6, 1994. People v. Spears, 158 Ill. 2d 563, 645 N.E.2d 1366 (1994).

On March 27, 2001, defendant filed a petition seeking state *habeas corpus* relief, or in the alternative, relief pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2000)). In his petition, defendant challenged the constitutionality of his sentences under Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). On April 20, 2001, the trial court determined that the issue raised in his motion could not

2

be properly raised in a *habeas* petition or a section 2-1401 petition. The court then, *sua sponte*, considered the pleading as a petition pursuant to section 122-2.1 of the Act. 725 ILCS 5/122-2.1 (West 2000). The court summarily dismissed defendant's petition, based partly on its holding that Apprendi did not apply retroactively to collateral proceedings. On appeal, defendant challenged only the constitutionality of his 60-year extended-term sentence for attempted murder and argued that Apprendi applied retroactively. This court rejected his argument and affirmed. People v. Spears, No. 1-01-2567 (June 27, 2002) (unpublished order under Supreme Court Rule 23). The United States Supreme Court denied *certiorari* on April 26, 2004. Spears v. Illinois, 541 U.S. 1017, 158 L. Ed. 2d 633, 124 S. Ct. 2085 (2004).

On August 3, 2005, defendant filed the instant *pro se* petition under the Act. In his petition, he argued: (1) Apprendi applied retroactively to his extended-term attempted murder sentence; (2) his sentence violated the proportionate penalty clause; (3) the felony murder statute is facially void; and (4) he was denied effective assistance of counsel at trial, on direct appeal, and on "first post-conviction appeal." Defendant did not argue that he had established the elements of the cause-and-prejudice test necessary to be granted leave to file a successive petition or that this petition should not be deemed successive because the trial court improperly recharacterized his first collateral motion as a postconviction petition.

On September 30, 2005, the trial court denied defendant leave to file this second petition, holding that he had failed to demonstrate cause and prejudice. The court addressed each of his claims and found that the factual assertions relied upon by defendant were available to him at the time his initial petition was filed. The court also found that defendant failed to identify any

factor which impeded his efforts to raise these claims in earlier proceedings, and that, in fact, he had raised two of these claims in his direct appeal and in his first postconviction petition. Further, the court found that defendant failed to show any prejudice resulting from the failure to raise these claims earlier because there was "scant probability" that he would have prevailed. Therefore, the trial court denied defendant leave to file the instant postconviction petition. Defendant then filed this timely appeal.

The Act contemplates the filing of only one postconviction petition. People v. Flores, 153 Ill. 2d 264, 273, 606 N.E.2d 1078, 1083 (1992). A defendant may file a second postconviction petition only if he receives leave of court. Leave of court may be granted if a defendant demonstrates cause for his failure to bring the claim in his initial postconviction proceedings and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2004). A defendant shows cause by identifying an objective factor that impeded his ability to raise a specific claim during his initial postconviction proceedings and prejudice by demonstrating that the claim not raised during his initial postconviction proceedings so infected the trial that the resulting conviction or sentence violated due process. 725 ILCS 5/122-1(f) (West 2004). See also People v. Harris, No. 102017, slip op. at 15 (January 19, 2007).

Defendant first argues that the trial court erred in finding that this petition was successive and in requiring him to meet the cause-and-prejudice test. He contends that his first collateral motion, filed in 2001, sought state *habeas* relief and, in the alternative, relief under section 2-1401 of the Code, but that the trial court recharacterized it as a postconviction petition without notifying him or allowing him leave to amend. Because the trial court's recharacterization of his

motion contravened the holding in <u>People v. Shellstrom</u>, 216 Ill. 2d 45, 833 N.E.2d 863 (2005), defendant argues, this postconviction petition cannot be considered his second such petition and his case must be remanded for a determination of its merits.

In <u>Shellstrom</u>, the defendant filed a *pro se* document entitled "Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea." <u>Shellstrom</u>, 216 Ill. 2d at 48, 833 N.E.2d at 866. The circuit court *sua sponte* recharacterized the pleading as a first postconviction petition under the Act and summarily dismissed it. In vacating the trial court's decision, the supreme court first reaffirmed the well-settled principle that where a *pro se* pleading alleges a deprivation of constitutional rights cognizable under the Act, a trial court may treat the pleading as a postconviction petition, even where it is labeled differently. <u>Shellstrom</u>, 216 Ill. 2d at 53, 833 N.E.2d at 868. However, the court found that before a trial court recharacterizes a defendant's pleading as a first postconviction petition, the defendant must be given notice. <u>Shellstrom</u>, 216 Ill. 2d at 53, 833 N.E.2d at 868. The court then stated:

"Pursuant to our supervisory authority, we hold that, in the future, when a circuit court is recharacterizing as a first postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw

the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has. If the court fails to do so, the pleading cannot be considered to have become a postconviction petition for purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions." Shellstrom, 216 Ill. 2d at 57, 833 N.E.2d at 870.

Because the trial court failed to give the defendant all three of these admonishments, the supreme court vacated that judgment and remanded the cause to the circuit court with instructions. Shellstrom, 216 Ill. 2d at 57-58, 833 N.E.2d at 870-71.

In this case, defendant explains that he does not seek to reopen the proceeding surrounding his first collateral motion filed in 2001 or to apply Shellstrom retroactively to that motion. Rather, he asks this court to apply only the second part of Shellstrom's holding to his present postconviction petition and find that because the trial court failed to notify him or give him leave to amend when it recharacterized his first collateral motion in 2001, the present petition cannot be considered to be successive. We reject defendant's interpretation and proposed application of Shellstrom.

Shellstrom presented a different factual scenario from that in the instant case because it involved only the trial court's recharacterization of a *pro se* motion as a first postconviction petition and not the subsequent filing of a second petition. Thus, the Shellstrom court did not address the exact issue raised in this case. However, that court foreshadowed its answer to this issue when it specifically stated that its holding would only apply "in the future" where a trial court recharacterized a pleading as a first postconviction without providing the defendant with

6

these admonishments. In that future situation, the court held that a second postconviction petition would not be considered successive. Shellstrom, 216 Ill. 2d at 57, 833 N.E.2d at 870. Therefore, based on Shellstrom's explicit language, both sentences of Shellstrom's holding apply prospectively only. Shellstrom was decided on July 21, 2005, and thus, applies only to cases pending at that time in the trial court or on direct appeal where the trial court recharacterized a *pro se* pleading as a first postconviction petition without notice and an opportunity to amend. See also People v. Pearson, 216 Ill. 2d 58, 68, 833 N.E.2d 827, 832 (2005) (holding that Shellstrom applies when a trial court recharacterizes as a successive postconviction petition a pleading that a *pro se* litigant has labeled as a different action). In this case, defendant's first pleading was recharacterized as a postconviction petition on April 20, 2001, and the appeal process was completed on April 26, 2004, over one year before Shellstrom was decided. Thus, Shellstrom's holding does not apply to this case.

Defendant cites Castro v. United States, 540 U.S. 375, 157 L. Ed. 2d 778, 124 S. Ct. 786 (2003), a case relied on by the Shellstrom court, to support his claim that Shellstrom applies retroactively to a second postconviction petition. In Castro, the Supreme Court held that before a federal district court recharacterized as a request for *habeas* relief under section 2255 (28 U.S.C. §2255 (2000)) a motion that a *pro se* federal prisoner labeled differently, the court must inform the litigant of its intent to recharacterize, warn the litigant that the recharacterization will subject subsequent section 2255 motions to the law's successive restrictions, and provide the litigant with an opportunity to withdraw or amend. Castro, 540 U.S. at 383, 157 L. Ed. 2d at 787, 124 S. Ct. at 792. When these admonishments are not given, a recharacterized motion will not count as

1-05-3600

a section 2255 motion for purposes of applying section 2255's successive provision. Castro, 540 U.S. at 383, 157 L. Ed. 2d at 787, 124 S. Ct. at 792. Castro stated that the Court's decisions normally applied retroactively, at least to the case in which the determination was made, and, thus, the Court applied its new holding to Castro's *habeas* motions. Castro, 540 U.S. at 383, 157 L. Ed. 2d at 788, 124 S. Ct. at 792. Citing Castro, defendant contends that this court should similarly apply Shellstrom to find that his postconviction petition is not successive. We disagree.

First, state courts are not required to follow United States Supreme Court precedent unless the result therein is mandated by the Constitution of the United States. People v. Gillespie, 136 Ill. 2d 496, 502, 557 N.E.2d 894, 897 (1990). Because the Court in Castro interpreted a federal *habeas corpus* statute and not Illinois state postconviction statutes or federal constitutional law, we are not bound by its holding. Second, although Castro stated that its holding applied retroactively to that case, it did not indicate that its holding would apply retroactively to all other cases pending on collateral review. Although some federal circuit and district court cases have applied Castro retroactively, these cases include little or no analysis to support their decisions. Further, other cases have refused to apply Castro retroactively where the Supreme Court did not specifically so indicate. Compare In re Wagner, 421 F.3d 275 (3d Cir. 2005) (applying Castro retroactively to Wagner's earlier-filed motions without any analysis) with Zakaria v. United States, No. 97cr2080 (E.D.Va. December 8, 2006) (finding Castro not retroactive where neither the Fourth Circuit nor the Supreme Court indicated that the holding was retroactive). Moreover, this court is not bound by federal circuit or district court cases. See Dowrick v. Village of Downers Grove, 362 Ill. App. 3d 512, 520, 840 N.E.2d 785, 793 (2005).

8

1-05-3600

Additionally, the <u>Shellstrom</u> court specifically intended its holding to apply prospectively only by including the language "in the future." <u>Shellstrom</u>, 216 Ill. 2d at 57, 833 N.E.2d at 870. <u>Castro</u> contains no such limiting language. Lastly, before <u>Castro</u> was decided, the majority of the federal courts of appeals had already imposed these restrictions on a district court's recharacterization powers (<u>Castro</u>, 540 U.S. at 382-83, 157 L. Ed. 2d at 787, 124 S. Ct. at 792), and thus, <u>Castro</u>'s holding was not unexpected whereas <u>Shellstrom</u> was the first court in Illinois to impose such limitations. Therefore, we reject defendant's argument.

Because <u>Shellstrom</u> does not apply to defendant's case, the *pro se* petition filed in this case was his second postconviction petition. Thus, in order to receive leave of court to file this petition, defendant must meet the elements of the cause-and-prejudice test. See 725 ILCS 5/122-1(f) (West 2004). Defendant fails to make any argument on appeal as to how he met that test. Accordingly, such argument is waived. 210 Ill. 2d R. 341(e)(7) (points not argued in an appellant's brief are waived); <u>People v. LaPointe</u>, 365 Ill. App. 3d 914, 922-23, 850 N.E.2d 893, 900 (2006). Therefore, the trial court properly denied defendant leave to file this second postconviction petition where he failed to establish cause and prejudice.

Next, defendant argues for the first time on appeal that the consecutive nature of his sentences is void under <u>People v. Palmer</u>, 218 Ill. 2d 148, 843 N.E.2d 292 (2006), because the trial court imposed his 60-year sentence for attempted murder consecutive to a sentence of natural life for his murder conviction. Based on <u>Palmer</u>, defendant contends, this court must vacate the consecutive nature of his sentences and modify them to run concurrently. The State responds that defendant has waived this issue by failing to include it in his postconviction

9

petition and that he cannot raise it for the first time in this appeal.  Defendant replies that because his consecutive sentences are void under Palmer, he can raise this issue at any time, including in this appeal.  We agree with defendant.

Generally, any claim of substantial denial of constitutional rights not raised in an original or amended postconviction petition is waived.  725 ILCS 5/122-3 (West 2004).  However, "[a] void order may be attacked at any time or in any court, either directly or collaterally.  People v. Thompson, 209 Ill. 2d 19, 27, 805 N.E.2d 1200, 1205 (2004).  A sentence imposed without statutory authority is not subject to a defendant's forfeiture.  Palmer, 218 Ill. 2d at 154, 843 N.E.2d at 296.  See also People v. Arna, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995). Further, an argument that an order or judgment is void is not subject to waiver and may be raised for the first time on appeal from the dismissal of a postconviction petition because this argument "does not depend for its viability on his postconviction petition."  Thompson, 209 Ill. 2d at 27, 805 N.E.2d at 1205.   A sentencing judge cannot impose a penalty not otherwise allowed by the sentencing statute in question.  Palmer, 218 Ill. 2d at 154, 843 N.E.2d at 296.  Additionally, "courts have an independent duty to vacate void orders."  Thompson, 209 Ill. 2d at 27, 805 N.E.2d at 1205.  Accordingly, defendant's argument is not waived.

In Palmer, the defendant received seven natural life sentences, to run consecutively.  In addressing the consecutive nature of his sentences, the Palmer court recognized the impossibility of serving consecutive natural life sentences both according to natural law and within the plain meaning of the consecutive sentencing statute.  730 ILCS 5/5-8-4(a) (West 2004); Palmer, 218 Ill. 2d at 164, 843 N.E.2d at 301-02.  "This impossibility is based on the critical distinction

between a term of natural-life imprisonment and that of a term of years, namely, the particular sentences' potential for release of defendant." Palmer, 218 Ill. 2d at 164, 843 N.E.2d at 302. Unlike a term of years, the Code provides that "[n]o person serving a term of natural life imprisonment may be paroled or released except through executive clemency." 730 ILCS 5/3-3-3(d) (West 2004). The Palmer court further explained that its previous decisions had failed to acknowledge the impossibility of serving and enforcing sentences consecutive to death or life without parole. Palmer, 218 Ill. 2d at 165, 843 N.E.2d at 302.

Further, Palmer reasoned that it "belabors the obvious to state that at the conclusion of a defendant's first natural-life sentence, his life is over." Palmer, 218 Ill. 2d at 167, 843 N.E.2d at 304. The Illinois Department of Corrections cannot enforce an order imposing another natural life sentence consecutive to it and thus, consecutive natural life sentences cannot follow in a series one after another. Palmer, 218 Ill. 2d at 167, 843 N.E.2d at 304. "Defendant cannot serve two natural-life sentences in sequence, nor will the total amount of two or more natural-life sentences ever be more than defendant's one life. There is only one way in which a defendant can serve the sentences, with his one life." Palmer, 218 Ill. 2d at 167-68, 843 N.E.2d at 304. Additionally, "[a]bsent the death penalty, it is not possible to punish a defendant more harshly." Palmer, 218 Ill. 2d at 168, 843 N.E.2d at 304. Lastly, the Palmer court held that a defendant's actual sentence was governed by the laws of nature, regardless of whether a trial court imposed his sentence consecutively or concurrently. Because that defendant could only serve his natural life sentences concurrently, the Palmer court reversed the circuit court's imposition of consecutive natural life sentences and modified his sentences to run concurrently. Palmer, 218

1-05-3600

Ill. 2d at 170, 843 N.E.2d at 305.

Our supreme court has not addressed the exact issue presented in this case, whether a term of years could be served consecutively to a natural life sentence. However, in People v. Dixon, 366 Ill. App. 3d 848, 853 N.E.2d 1235 (2006), *appeal denied*, 222 Ill. 2d 582 (2006), the First District of this court resolved this issue. In Dixon, the defendant was sentenced to a 30-year term for armed robbery consecutive to a natural life sentence for first degree murder. Dixon, 366 Ill. App. 3d at 850, 853 N.E.2d at 1239. The defendant argued that the plain language of the consecutive sentencing statute prohibited the imposition of any sentence consecutive to a sentence of natural life so that his sentences must run concurrently. The State conceded that Palmer applied to the defendant's case. The court then cited Palmer's holding that it was impossible to serve or enforce sentences consecutive to life without parole because there was only one way a defendant can serve a natural life sentence, with his one life. Dixon, 366 Ill. App. 3d at 856, 853 N.E.2d at 1243, citing Palmer, 218 Ill. 2d at 164, 168, 843 N.E.2d at 302, 304. Thus, the court applied Palmer and vacated the consecutive nature of the defendant's sentences, ordering them to be served concurrently. Dixon, 366 Ill. App. 3d at 856, 853 N.E.2d at 1243.

Defendant urges us to follow Palmer and Dixon and order his sentences to run concurrently. Curiously, the State never addresses Dixon in its brief. We agree with Dixon and find that the analysis and rationale underlying Palmer's holding apply equally to cases where a defendant was sentenced to a term of years consecutive to a natural life sentence. As in Palmer, defendant can only serve his sentences with his one life. Palmer, 218 Ill. 2d at 168, 843 N.E.2d at 304. His natural life sentence without parole means that he will remain in prison for the

12

1-05-3600

remainder of his life and at the conclusion of this sentence, his life is over. Thus, defendant cannot also serve a 60-year sentence consecutive to his natural life sentence. Accordingly, pursuant to Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we vacate the circuit court's order that defendant's sentences be served consecutively and modify his sentence to impose concurrent sentences.

For the foregoing reasons, we affirm the judgment of the circuit court denying defendant leave to file his second postconviction petition. We also vacate the circuit court's order that defendant must serve his sentences consecutively and modify his sentence to impose concurrent sentences.

Affirmed in part and vacated in part; sentence modified.

GREIMAN and CUNNINGHAM, JJ., concur.

**THE PEOPLE OF THE STATE OF ILLINOIS,**

    **Plaintiff-Appellee,**

    **v.**

**SHERMAN SPEARS,**

    **Defendant-Appellant.**

---

## No. 1-05-3600

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: February 28, 2007**

---

**PRESIDING JUSTICE THEIS delivered the opinion of the court.**

**Greiman and Cunningham, JJ., concur.**

---

**Appeal from the Circuit Court of Cook County**
**Honorable Joseph G. Kazmierski, Jr., Judge Presiding**

---

| | |
|---|---|
| For APPELLANT, | Michael J. Pelletier, State Appellate Defender |
| | Christopher M. Smith, Assistant Appellate Defender |
| | Office of the State Appellate Defender |
| | 203 N. LaSalle St., 24th Floor |
| | Chicago, IL 60601 |
| | |
| For APPELLEE, | Richard A. Devine, State's Attorney |
| | James E. Fitzgerald, Assistant State's Attorney |
| | Alan J. Spellberg, Assistant State's Attorney |
| | 300 Richard J. Daley Center |
| | Chicago, IL 60602 |