No. 3--06--0508

Filed October 2, 2008 **CORRECTED OPINION**

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court ) of the 21st Judicial Circuit, ) Kankakee County, Illinois |
| Plaintiff-Appellee, | ) ) |
| v. | ) No. 00--CF--70 ) |
| SHAWN PETRENKO, | ) |
| Defendant-Appellant. | ) Honorable Clark E. Erickson, ) Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:

The defendant, Shawn Petrenko, was found guilty following a jury trial of first degree murder and residential burglary, in violation of sections 9--1 and 19--3 of the Criminal Code of 1961 (the Code) (720 ILCS 5/9--1, 19--3 (West 2000)).  He was sentenced to one term of natural life for murder and a consecutive term of 10 years for residential burglary.  This appeal arises from the dismissal of defendant's postconviction petition that the circuit court of Kankakee County found to be frivolous and without merit. Defendant argues that the circuit court erred in finding that he

failed to allege the gist of a constitutional claim in his petition. Defendant also alleges that it was error to sentence him to a 10-year term of imprisonment that runs consecutively to his term of natural life.

BACKGROUND

On March 3, 2000, defendant was indicted on four counts of first degree murder, one count of armed robbery, and one count of residential burglary. Following a jury trial, defendant was found guilty of one count of first degree murder and one count of residential burglary. Defendant appealed, claiming that he was denied a fair trial because the prosecutor misstated the evidence during closing argument and that the trial court erred in admitting a hammer into evidence. Finding harmless error, this court affirmed in an unpublished order (*People v. Petrenko*, No. 3--07--0507 (April 25, 2005) (unpublished order under Supreme Court Rule 23). The supreme court denied defendant's petition for leave to appeal. *People v. Petrenko*, 216 Ill. 2d 720, 839 N.E.2d 1033 (2005). Subsequently, on March 16, 2006, defendant filed a postconviction petition, claiming ineffective assistance of counsel at both the trial and appellate proceedings. The circuit court of Kankakee County found defendant's petition to be frivolous and without merit and dismissed it in the first stage of the postconviction proceedings. This appeal followed.

Defendant's postconviction petition alleged that his trial

2

counsel was constitutionally ineffective for failing to file a motion for a *Franks* hearing contesting the validity of a search warrant. *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). In support of this allegation, he claims that the officer who applied for the warrant presented facts to the court with a reckless disregard for the truth. He further alleged that his appellate counsel was ineffective on direct appeal for failure to file an ineffective assistance of counsel claim against trial counsel. For the first time in this appeal, defendant also alleges that his sentence is void and should be modified, claiming no sentence is permitted to run consecutive to a natural life sentence.

A review of the record indicates that on January 30, 2000, the victim, Rubin Rivas, was found dead in his home, having been hit in the head with a hammer or similar object nine times. The evidence used to tie the defendant to the crime, as enumerated in the affidavit and complaint for search warrant, included: a left-handed white glove with red, blue, and white paint on it found in the victim's house; a right-handed white glove with red, blue, and white paint on it found in defendant's garbage; mail addressed to the victim found in defendant's garbage; a metal object broken off in the lock of the victim's back door; a broken key with the tip missing found in defendant's garbage; and defendant's fingerprint found on the victim's empty jar that normally contained the

victim's rent money: $450 in cash.

Based on this evidence, the circuit court issued a warrant, and additional evidence was found in the defendant's home, including the victim's brown change purse. Defendant was arrested, tried by jury, found guilty, and sentenced to consecutive terms of natural life and 10 years.

ANALYSIS

The first issue that defendant raises on appeal is whether it was proper to summarily dismiss his postconviction petition as frivolous and patently without merit.

We review the summary dismissal of a postconviction petition *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998). The Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 *et seq.* (West 2006)) provides the opportunity for criminal defendants to file a petition seeking relief if substantial violations of their federal or constitutional rights occurred. The Act sets forth a three-stage process. At the first stage, a trial court may summarily dismiss a petition if it is frivolous and patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2006).

In order to avoid such a dismissal, a postconviction petition must state the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 757 N.E.2d 442 (2001). In evaluating a petition, the trial court must construe all facts as true, unless

4

contradicted by the record. *People v. Edwards*, 197 Ill. 2d at 244. A petition contradicted by the record is frivolous and patently without merit. *People v. Rogers*, 197 Ill. 2d 216, 222, 756 N.E.2d 831, 834 (2001).

Here, defendant argues that his postconviction petition alleged the gist of a constitutional claim: ineffective assistance of counsel at both the trial and appellate levels.

In order to properly plead the gist of a constitutional claim for ineffective assistance of counsel, a petition must allege facts sufficient to meet both prongs of the *Strickland* test: first, that counsel's performance fell below an objective standard of reasonableness, and second, that the deficient performance resulted in substantial prejudice to the defendant. *People v. Gale*, 376 Ill. App. 3d 344, 351, 876 N.E.2d 171 (2007). The same two-prong *Strickland* test applies to both trial and appellate counsel alike. *People v. Richardson*, 189 Ill. 2d 401, 412, 727 N.E.2d 362, 369 (2000). To show prejudice at either level, defendant must show to a reasonable probability that his counsel's deficient performance resulted in an unreliable result or a fundamentally unfair proceeding. *Richardson*, 189 Ill. 2d at 411. Prejudice is not shown merely by enumerating issues that appellate counsel did not brief on appeal, especially nonmeritorious ones, as appellate counsel need not brief every possible issue on appeal. *People v. Coleman*, 168 Ill. 2d 509, 523, 660 N.E.2d 919, 927 (1996).

Although defendant brought a number of claims against both his trial and appellate counsel in his petition for postconviction relief, he raises only two on appeal. Defendant alleges that trial counsel should have filed a motion contesting the validity of the search warrant and that appellate counsel should have raised this issue on direct appeal. Notably, if defendant's ineffective assistance of counsel claim against trial counsel is nonmeritorious, then clearly appellate counsel was not deficient for refraining from addressing it. *Coleman,* 168 Ill. 2d at 523. Therefore, we first examine defendant's claim against his trial counsel.

Defendant's postconviction petition alleges that his trial counsel should have challenged the search warrant because the statements made by the police to procure the warrant showed a reckless disregard for the truth. Specifically, the probable cause affidavit stated that defendant's fingerprint was on the victim's empty money jar and failed to state that defendant was often in the victim's duplex. Defendant's petition alleges that had the officer informed the court of the latter, the court would have given minimal weight to the fingerprint and thus would not have found probable cause to issue the warrant. On appeal, defendant also claims that this reckless disregard for the truth was further evinced by failure of the police to mention to the trial court that the victim's mail found in defendant's garbage was at least six

6

months old.

For a judge to issue a warrant, a petitioning officer need only show facts sufficient to demonstrate probable cause that the premises to be searched contains evidence of a crime. *People v. McCarty* 223 Ill. 2d 109, 153, 858 N.E.2d 15 (2006). Upon defendant's substantial showing that the petitioning officer, knowingly and with intentional disregard for the truth, made a false statement necessary to such a finding of probable cause, the trial court will grant a hearing on the validity of the warrant. *Franks v. Delaware,* 438 U.S. 154, 155, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676 (1978). In order to prevail at such a hearing, commonly called a *Franks* hearing, the defendant must establish perjury or reckless disregard for the truth by a preponderance of the evidence and must show that without the false statements there was insufficient evidence to demonstrate probable cause for a search warrant. *Franks v. Delaware*, 438 U.S. at 156, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.

Defendant alleges that the officer knew defendant had been lawfully inside the victim's house only a few days prior to the murder and that the officer purposely left out that information when drafting his affidavit. Defendant contends that his lawful presence explains his fingerprint, removing any implications that would otherwise be afforded the fingerprint evidence. The State maintains that defendant's lawful presence does not explain his

7

fingerprint on the money jar because a casual visitor would not have handled it and, out of all of the victim's visitors, only defendant's fingerprint was found on the money jar. The State argues that, previous lawful entry or otherwise, defendant's fingerprint on the money jar suggests that defendant might have been involved and that evidence of the crime would be found in defendant's home.  We agree.

Defendant's lawful presence in the victim's house does not negate probable cause to issue the search warrant.  By the time the search warrant was issued, the police had found matching gloves with paint on them, one of which was found in the victim's residence and the other in the defendant's garbage, and a metal object found in the victim's lock, as well as a broken key found in defendant's garbage.  Even without defendant's fingerprint, the above evidence, discussed in the affidavit, would be sufficient to show probable cause that further evidence would be found within defendant's residence.  Therefore, even taking defendant's suggestion as true, that the police officer was less than forthcoming regarding defendant's presence in the house, we cannot say that defendant would have been granted, let alone prevailed at, a *Franks* hearing.  The trial court could not have found by a preponderance of the evidence that the officer showed a reckless disregard for the truth based on the facts alleged.

Therefore, we find that defendant's petition fails to allege

8

sufficient facts to show that his trial counsel's representation fell below an objective standard of reasonableness, the first prong of *Strickland*. Nor has he shown prejudice as required by the second prong of *Strickland*. We find the trial court properly found that defendant's allegations of ineffective assistance of trial counsel were frivolous and patently without merit. That is, the allegations are rebutted by the record. See *People v. Rogers*, 197 Ill. 2d 216, 756 N.E.2d 831 (2001). Having found that defendant's petition failed to allege facts sufficient to state the gist of a constitutional claim for ineffective assistance of counsel against his trial counsel, we need not address defendant's contention that appellate counsel was also deficient for failing to address the same issue.

Defendant's final claim on appeal concerns his consecutive sentence terms. Defendant claims that, as a matter of law, they are void and, as such, should be modified to run concurrently. While defendant raises this issue for the first time on the appeal of the dismissal of his postconviction petition, we will address it as a void sentence can be attacked at any time. *People v. Brown*, 225 Ill. 2d 188, 199, 866 N.E.2d 1163, 1169 (2007).

Defendant, sentenced to one term of natural life and a consecutive term of 10 years, bases his claim on *People v. Palmer*, 218 Ill. 2d 148, 843 N.E.2d 292 (2006), in which the Illinois Supreme Court modified a sentence of multiple terms of natural life

from running consecutively to running concurrently. The *Palmer* court held that imposing consecutive terms of natural life strays from the legislative intent of section 5--8--4 of the Unified Code of Corrections (750 ILCS 5/5--8--4 (West 2000)) and violates the laws of nature as defendants have but one life to give. *Palmer,* 218 Ill. 2d at 163-64.

The First District Appellate Court interpreted *Palmer* very broadly and expanded it further by holding that no sentence term of any length can run consecutively to a term of natural life (*People v. Dixon,* 366 Ill. App. 3d 848, 853 N.E.2d 1235 (2006)) and that any sentence imposing a term of incarceration consecutive to a natural life term is void. *People v. Spears,* 371 Ill. App. 3d 1000, 864 N.E.2d 758 (2007).

The *Spears* court relied entirely on *Palmer*. *Spears,* 371 Ill. App. 3d at 1006-09. We note that the *Palmer* court's analysis of the consecutive terms of natural life did not address the issue of whether the sentence was void. *Palmer,* 218 Ill. 2d at 163-70. The *Palmer* court merely stated it was error for the trial court to impose consecutive terms of natural life. *Palmer,* 218 Ill. 2d at 169-70. Furthermore, as noted in *Palmer*, upholding consecutive terms of natural life creates no prejudice to the defendant because he will not serve one day more or less. *Palmer,* 218 Ill. 2d at 169. Therefore, although the *Spears* court inferred that the sentence was void, we do not.

10

Whether a sentence is void is a jurisdictional question. *People v. Davis*, 156 Ill. 2d 149, 155, 619 N.E.2d 750, 754 (1993). A sentence delivered by a court without both subject matter jurisdiction and personal jurisdiction is void. *Davis*, 156 Ill. 2d at 156. A court with jurisdiction does not lose it merely for making a mistake of law or fact. *Davis*, 156 Ill. 2d at 156. Thus, a sentence given in error by a court with jurisdiction is not void. *People v. Ramirez*, 361 Ill. App. 3d 450, 454, 837 N.E.2d 111 (2005).

In the instant case, the trial court had subject matter jurisdiction and personal jurisdiction and, thus, had the authority to sentence the defendant within statutory limits. The trial court interpreted the correct statute, section 5--8--4, and imposed two terms of imprisonment to run consecutively. At worst, the trial court made a mistake of law and the defendant's sentence is in error. *Davis*, 156 Ill. 2d at 156. Defendant's sentence is not void. Defendant did not challenge the sentence in the trial court, on direct appeal, or even before the trial court in his postconviction petition. Defendant cannot challenge his sentence for the first time on appeal of his postconviction petition. We find this issue to be procedurally defaulted.

                          CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

                             11

Affirmed.

WRIGHT, J., concurs.

HOLDRIDGE, J., dissents.

People v. Shawn Petrenko, No. 3--06--0508          Filed October 2, 2008 put w/corrected opinion

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent.  The majority concludes that the defendant failed to allege sufficient facts to meet the Stickland test.  I would agree with that conclusion, but I note that the conclusion is irrelevant to the issue of whether the defendant's post-conviction petition should have been summarily dismissed.  At the first stage of a Post-Conviction proceeding, the petitioner is not required to allege sufficient facts to meet the Strickland test.  He is merely required to state the "gist" of a constitutional claim.  People v. Edwards, 197 Ill. 2d 239, 245 (2001).  Here, the petitioner stated the "gist" of a claim by alleging at least one factual element, namely that his attorney failed to contest the validity of  the search warrant.  That is a fact clearly established in the petition and supporting affidavits.  Why counsel failed to challenge the search warrant and, more importantly, what prejudicial effect that failure had on the defendant's case are not within the competence of a pro se defendant to factually allege at the preliminary stage.  Whether counsel's performance was in fact deficient, or whether the defendant was prejudiced can only be alleged after appointment of counsel .  Given the sufficient factual allegations made by the defendant at the first stage,  summary dismissal of the petition was premature.  People v. Shevock, 353 Ill. App. 3d 361, 365 (2004).

I would find that the defendant has presented the gist of a claim sufficient to survive summary dismissal and would remand for appointment of counsel who would then have the task of alleging sufficient facts to meet the Strickland test.

12