THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN RAMEY *et al.*, Defendants-Appellants.

First District (3rd Division)   Nos. 1—88—0608, 1—88—0609,
1—88—0862 cons.

Opinion filed December 30, 1992.

Julie L. Friedman, of Chicago, for appellant John Ramey.

Mary Ellen Dienes, of Northfield, for appellant Robert Jernigan.

Rita A. Fry, Public Defender, of Chicago (Hugh Stevens, Assistant Public Defender, of counsel), for appellant Lorenzo White.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, David Stabrawa, and Randall Roberts, Assistant State's Attorneys, of counsel), for the People.

458

JUSTICE RIZZI delivered the opinion of the court:

Defendants, John Ramey, Robert Jernigan and Lorenzo White, were convicted in separate jury trials of murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1), home invasion (Ill. Rev. Stat. 1985, ch. 38, par. 12—11), residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3) and robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—1) after police discovered the bound, gagged and beaten body of 65-year-old Sylvia Wilson in her apartment located at Jackson and Homan Streets in Chicago, Illinois. Ramey was sentenced to natural life imprisonment to run consecutively with an extended 30-year term of imprisonment. Jernigan was sentenced to natural life imprisonment to run consecutively with an extended 60-year term of imprisonment. White was sentenced to 20 years' imprisonment to run concurrently with a six-year term of imprisonment. On appeal, Ramey contends that (1) the trial court erred when it did not suppress his confession; (2) the State failed to prove him guilty beyond a reasonable doubt; and (3) the sentence is excessive and should be vacated or reduced. Jernigan contends that (1) the trial court erred in failing to quash his unlawful arrest and to suppress evidence obtained therefrom; (2) the trial court erred when it admitted prejudicial hearsay testimony and the victim's coin purse into evidence; (3) the State failed to prove him guilty beyond a reasonable doubt; and (4) the sentence is excessive and should be vacated or reduced. White contends that the State failed to prove him guilty beyond a reasonable doubt. We affirm.

■ Ramey first contends that the trial court erred when it did not suppress his confession. Inculpatory and other statements given to police will be suppressed if they are not given freely, voluntarily and without compulsion. (Ill. Rev. Stat. 1985, ch. 38, par. 114—11.) When deciding whether inculpatory statements were given voluntarily, a reviewing court must evaluate a defendant's age, experience, education, background and intelligence, as well as the totality of the circumstances involving the interrogation. (*People v. Costello* (1992), 224 Ill. App. 3d 500, 505-06, 586 N.E.2d 742, 746.) Other than Ramey's self-serving testimony, there is nothing in the record here to support his contention that he was denied food, water, washroom privileges or requested an attorney prior to making inculpatory statements. Furthermore, Ramey's assertion that he needed immediate medical attention because "both of my bones was [*sic*] sticking out of both of my knees" due to his 35-foot jump from his second-floor apartment attempting to evade investigating officers is not supported by the medi-

cal testimony. Finally, there is nothing about the age, education, background or intelligence of this particular defendant or the duration and extent of the interrogation here to indicate that Ramey did not understand his *Miranda* warnings or that his inculpatory statements to police were not given freely, voluntarily and without compulsion. We, therefore, conclude that the trial court's refusal to suppress Ramey's confession is not contrary to the manifest weight of the evidence.

■ Ramey next argues that the State failed to prove him guilty of the crimes charged beyond a reasonable doubt. A person is responsible for the criminal conduct of another where either before or during the commission of a crime, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense. (Ill. Rev. Stat. 1985, ch. 38, pars. 5—1, 5—2.) Once a person becomes accountable for the conduct of another, he remains so unless he terminates his effort to promote or facilitate the criminal activity and wholly deprives his prior efforts of effectiveness, gives timely warning to the proper law enforcement authorities or otherwise makes proper effort to prevent the commission of the crime. (Ill. Rev. Stat. 1985, ch. 38, par. 5—2(c).) Ramey contends that the evidence adduced at trial demonstrates that he did not cause bodily harm to Wilson, that he tried to stop Jernigan from hurting Wilson and that he ran from the apartment when Jernigan refused to stop beating Wilson. The record, however, does not support Ramey's contention.

The record in the present case is devoid of evidence that Ramey made any effort to terminate his promotion or involvement in the crimes for which he was convicted. To the contrary, the record here plainly demonstrates that Ramey and Jernigan forcefully entered Wilson's apartment, bound, gagged and beat Wilson as they ransacked her apartment, left the apartment together carrying two bags of stolen items and split up the proceeds of the robbery later that evening. Based on Ramey's inculpatory statements and the other overwhelming evidence of his guilt, we find that the State proved Ramey guilty of robbery, residential burglary and murder beyond a reasonable doubt.

■ Ramey finally contends that his sentence of natural life imprisonment to run consecutively with an extended 30-year term of imprisonment is excessive and should be vacated or reduced. A trial court may sentence a defendant convicted of murder to natural life imprisonment if it determines that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a).) In addition, a trial court may sentence an offender to an extended term of imprisonment when, *inter alia,* the of-

fense was committed against a person 60 years of age or older. Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—2(a), 1005—5—3.2(a)(8).

In its ruling, the trial court stated that the murder of 65-year-old Sylvia Wilson was accompanied by "brutal and heinous and savage behavior." Ramey does not dispute the brutal and heinous nature of the crime, but rather argues that there is no evidence tying him to Wilson's murder. We find that Ramey's conduct in the present case rises to the level of exceptionally brutal and heinous behavior, irrespective of which offender delivered the fatal blows to the victim. Accordingly, the trial court did not abuse its discretion when it sentenced Ramey to natural life imprisonment to run consecutively with an extended 30-year term of imprisonment.

■ Jernigan contends that the trial court erred in failing to quash his unlawful arrest and to suppress evidence obtained therefrom because his warrantless arrest was made without probable cause. The fourth amendment of the United States Constitution requires an arrest to be supported by probable cause. (U.S. Const., amend. IV.) Probable cause for a warrantless arrest exists when the totality of the facts and circumstances within the arresting officer's knowledge are sufficient to warrant an individual of reasonable caution to believe that an offense has been committed and that the person arrested has committed the offense. (*People v. Chavez* (1992), 228 Ill. App. 3d 54, 69, 592 N.E.2d 69, 80.) Defendant argues that the arresting officers' use of an informant's unsubstantiated double hearsay is insufficient to support a finding of probable cause. We disagree.

It is well established that a finding of probable cause for a warrantless arrest can be based upon hearsay received from an informant. (*People v. Rogers* (1992), 231 Ill. App. 3d 774, 778-79, 596 N.E.2d 1291, 1293-94.) Moreover, where the informant is a private citizen, it is unnecessary for the information obtained from the informant to be independently corroborated or the informant's prior reliability to be established so long as there is a fair probability that a crime is being or has been committed. (*People v. Earley* (1991), 212 Ill. App. 3d 457, 465, 570 N.E.2d 1235, 1240-41.) The arresting officers here received information from Mary M., a citizen informant, that she had been told by Alfonsa W., Jernigan's girl friend, that Jernigan, Ramey and White entered an apartment building at Jackson and Homan Streets and bound, gagged and beat the resident in the course of a robbery. Mary M.'s information was corroborated by White's statements to investigating officers that Ramey and Jernigan entered an apartment at Jackson and Homan Streets to commit a robbery while he remained in the car. Based on the evidence presented at the hearing on Jernigan's motion to quash arrest

and suppress evidence, we find that the facts and circumstances within the arresting officers' knowledge were sufficient to support a finding of probable cause.

■ Jernigan next contends that the trial court erred when it admitted prejudicial hearsay testimony and the victim's coin purse into evidence. We disagree. At trial, Detective Cornelison testified that he asked Alfonsa W. whether Jernigan had given her a black coin purse or key chain purse. Cornelison stated that Alfonsa W. responded affirmatively and gave him a small black purse, which was admitted into evidence after it was identified as one of the items taken from Wilson's apartment in the robbery. Defense counsel failed to object. After reviewing the record, we find that the purse was properly admitted into evidence because it is highly relevant to whether a robbery or burglary occurred. We also find that any error in admitting hearsay testimony involving the conversation between Cornelison and Alfonsa W. is harmless beyond a reasonable doubt.

■ Jernigan next contends that the State failed to prove him guilty beyond a reasonable doubt. We disagree. In his signed confession, Jernigan indicated that he and Ramey forcefully entered an elderly woman's apartment located at Jackson and Homan Streets, bound and gagged the resident, beat her when she resisted, ransacked the apartment looking for valuable items to steal and carried jewelry and purses from the apartment. Jernigan's confession was substantially corroborated by Mary M. and Ethyl Ramey, who each testified about their knowledge of Jernigan's involvement in the offenses charged. Based on the overwhelming evidence of Jernigan's guilt in the present case, we conclude that the State proved him guilty of murder, home invasion, robbery and residential burglary beyond a reasonable doubt.

■ Jernigan finally contends the sentence is excessive and should be vacated or reduced. It is plain from the record that the trial court considered the nature and circumstances of the crimes here as well as the history and character of Jernigan when it entered Jernigan's sentence. After reviewing the record in the present case, we cannot say that the trial court abused its discretion when it ruled that Wilson's murder was accompanied by exceptionally brutal or heinous behavior and sentenced Jernigan to natural life imprisonment to run consecutively with an extended 60-year term of imprisonment.

■ White contends that the State failed to prove him guilty of the crimes charged beyond a reasonable doubt. We disagree.

According to White's confession, he drove Ramey and Jernigan to the building located at Jackson and Homan Streets with full knowledge that Ramey and Jernigan intended to burglarize the apartment on the

second floor. White waited in the car while Ramey and Jernigan entered the building. About 30 to 40 minutes later, Ramey and Jernigan returned carrying two bags. The three offenders then drove to White's apartment to split the proceeds of the burglary. The record indicates that White failed to make any effort to abandon or withdraw from his participation in the crime. Furthermore, White conceded that he received one-third of the proceeds of the burglary for his participation in the crime. Based on the evidence presented at trial, we hold that the record contains sufficient evidence to demonstrate that White had the culpable intent or design to hold him accountable for the actions of Ramey and Jernigan.

White further argues that the evidence is insufficient to support his conviction for home invasion where the record contains no evidence that Ramey and Jernigan entered Wilson's apartment knowing or having reason to know that someone was present. A person commits home invasion where he knowingly enters the dwelling place of another without authority, knowing or having reason to know that one or more persons are present, and while armed with a dangerous weapon, uses or threatens force against any person within the dwelling or intentionally causes injury to any person within the dwelling. (Ill. Rev. Stat. 1985, ch. 38, par. 12—11.) In a prosecution for home invasion, knowledge may be proven by circumstantial evidence so long as the State presents sufficient evidence from which an inference of knowledge can be made. (*People v. Austin* (1984), 123 Ill. App. 3d 788, 793-94, 463 N.E.2d 444, 449.) After reviewing the record, we find that the State presented sufficient circumstantial evidence from which a rational trier of fact could conclude that Ramey and Jernigan knew or had reason to know that someone would be present when they unlawfully entered Wilson's apartment. (See *People v. Rodriguez* (1991), 227 Ill. App. 3d 397, 407-08, 592 N.E.2d 18, 25; *People v. Smith* (1988), 172 Ill. App. 3d 94, 110, 526 N.E.2d 849, 859; *People v. Cohen* (1986), 142 Ill. App. 3d 900, 904, 492 N.E.2d 569, 572-73; *People v. Austin* (1984), 123 Ill. App. 3d 788, 793-94, 463 N.E.2d 444, 449-50.) We, therefore, conclude that the State proved White guilty of murder, home invasion, robbery and residential burglary beyond a reasonable doubt.

Accordingly, the judgments of the circuit court are affirmed.

Affirmed.

TULLY and CERDA, JJ., concur.