No. 2--05--0980

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | No. 88--CF--1461 |
| JOHN WALDRON, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, John Waldron, appeals the dismissal of his second postconviction petition, seeking to have his 60-year sentences of imprisonment, imposed to run consecutively to his natural life sentence, modified to run concurrently. We reverse the dismissal and modify his sentences.

Defendant was charged by indictment with three counts of first-degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9--1(a)(1)) and two counts of armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18--2(a)). The evidence indicated that defendant pulled a gun on a gas station attendant, demanded money, and then shot the attendant in the neck, killing him. Defendant then motioned another gas station attendant to the cash register and that attendant gave defendant all the bills from the register. Defendant then fled the scene with his codefendant. Following a jury trial, defendant was found guilty on all counts. Despite the jury's finding that defendant was eligible for the death penalty, on July 28, 1989, he was sentenced to natural life in prison on the first-degree murder convictions and

two extended 60-year terms of imprisonment on the armed robbery convictions, with one 60-year term to run concurrently with and the other to run consecutively to his life sentence.

On direct appeal, this court vacated two of defendant's convictions of first-degree murder but otherwise affirmed his convictions and sentences. People v. Waldron, 219 Ill. App. 3d 1017, 1046-47 (1991). The facts of the case are recited in the direct appeal and will not be repeated here. Defendant filed a pro se postconviction petition on December 26, 2000. The dismissal of that petition as frivolous and patently without merit was affirmed by this court in a Rule 23 order issued on September 23, 2002, and corrected on October 29, 2002. In that order, this court modified defendant's sentences such that his two 60-year sentences would run concurrently with one another but consecutively to his natural life sentence. This court otherwise affirmed his sentences as modified.

On July 27, 2005, defendant filed a second pro se postconviction petition, seeking to have his 60-year sentences modified to run concurrently with his life sentence. Defendant's second postconviction petition was dismissed on August 26, 2005, as untimely filed and barred by res judicata. Defendant appeals from that ruling and the subsequent denial of his motion to reconsider.

On appeal, defendant argues that because the Illinois Supreme Court has determined that imposing a sentence to run consecutively to a natural life sentence is not permitted under the consecutive sentencing statute, defendant's 60-year sentences must be made to run concurrently with his natural life sentence. The State does not address the merits of defendant's argument but contends only that defendant's argument is untimely and that the rule announced in People v. Palmer, 218 Ill. 2d 148 (2006), does not apply retroactively to defendant. We disagree with the State for the following reasons.

We agree with the State that the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2004)) contemplates the filing of only one postconviction petition. People v. Flores, 153 Ill. 2d 264, 273 (1992). Under the Act, a defendant may file a second petition only if given leave of court after demonstrating cause. 725 ILCS 5/122--1(f) (West 2004). However, "[a] void order may be attacked at any time or in any court, either directly or collaterally." People v. Thompson, 209 Ill. 2d 19, 27 (2004). "A sentence imposed without statutory authority is not subject to defendant's forfeiture." People v. Palmer, 218 Ill. 2d 148, 154 (2006). "It is well established that a sentencing judge cannot impose a penalty not otherwise allowed by the sentencing statute in question." Palmer, 218 Ill. 2d at 154.

In Palmer, our supreme court held that it is impossible to serve or enforce a life sentence without parole consecutive to another life sentence without parole (Palmer, 218 Ill. 2d at 164) and that there is only one way a defendant can serve a natural life sentence, with his one life (Palmer, 218 Ill. 2d at 168). "Therefore, the sentences may not be consecutive, but must be concurrent because concurrent sentences are sentences which operate simultaneously." Palmer, 218 Ill. 2d at 168.

In People v. Dixon, 366 Ill. App. 3d 848, 856 (2006), following the reasoning in Palmer, the First District Appellate Court held that it is impossible to serve or enforce a 30-year sentence consecutive to a life sentence. The Dixon court held that the defendant could not waive this argument because "[a] sentence imposed without statutory authority is not subject to defendant's forfeiture." Dixon, 366 Ill. App. 3d at 856.

The First District Appellate Court reaffirmed its position in People v. Spears, 371 Ill. App. 3d 1000 (2007), where it held that it is impossible to serve or enforce a 60-year sentence consecutive to a life sentence. The court held that the defendant had not waived the issue even though he had not

raised it in his postconviction petition and had raised it for the first time on appeal, because " '[a] sentence imposed without statutory authority is not subject to a defendant's forfeiture.' " Spears, 371 Ill. App. 3d at 1007, quoting Palmer, 218 Ill. 2d at 154.

Although the supreme court has not addressed the exact issue in this case, namely, whether a term of years can be served consecutively to a natural life sentence, we believe that logic and the fundamental law of nature that death is inevitable and final compel us to agree with the First District Appellate Court. A defendant can serve only the one life that he has. After that life is gone, there is nothing left to serve. "There is only one way in which a defendant can serve the sentences, with his one life." Palmer, 218 Ill. 2d at 168.

Accordingly, we reverse the circuit court's order dismissing defendant's petition and we modify defendant's sentences to run concurrently, pursuant to Supreme Court Rule 615(b)(4). 134 Ill. 2d R. 615(b)(4).

Reversed; judgment modified.

GROMETER, P.J., and BYRNE, J., concur.