THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JOHN RAMEY, Petitioner-Appellant.

First District (1st Division)   No. 1—07—2217

Opinion filed August 10, 2009.—Rehearing denied September 3, 2009.

Patricia Unsinn and Rebecca I. Levy, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Amy Watroba Kern, and Haley Peck, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GARCIA delivered the opinion of the court:

This is an appeal from the second-stage dismissal of defendant John Ramey's successive petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 et seq. (West 2002)). Following a jury trial presided over by Judge Robert J. Collins, the defendant

was convicted of the murder, residential burglary, and robbery of Sylvia Wilson. He was sentenced to natural life in prison for murder, with a consecutive sentence for residential burglary to be served concurrently with a sentence for robbery. We affirmed the judgment on direct appeal (*People v. Ramey*, 240 Ill. App. 3d 456, 608 N.E.2d 512 (1992)) and affirmed the second-stage dismissal of his 1994 postconviction petition (*People v. Ramey*, No. 1—96—3098 (1998) (unpublished order under Supreme Court Rule 23)).

The defendant filed the instant postconviction petition in October 2003. Judge Rickey Jones granted the State's motion to dismiss the 2003 petition on *res judicata* grounds at the second stage of the postconviction proceeding. The defendant appeals, contending errors of constitutional magnitude by trial counsel were overlooked by postconviction counsel in 1994, errors which he now raises in the petition dismissed by Judge Jones. In particular, he claims the sentence he was ordered to serve consecutive to his life term is void. The defendant contends these record-based issues were not forfeited, despite his failure to raise them in his 1994 petition, because he can satisfy the cause-and-prejudice test to allow his successive petition to proceed. The defendant asserts that postconviction counsel's failure to raise these issues in his first petition constitutes the required showing of "cause."

Because we reject the defendant's assertion as to "cause," we affirm Judge Jones's ruling that the claims are barred by *res judicata*, except for the claim concerning the sentence consecutive to natural life. Case law holds that such a sentence is void, subject to attack at any time, including in a successive postconviction petition. See *People v. Waldron*, 375 Ill. App. 3d 159, 160, 872 N.E.2d 1036 (2007). We modify the sentencing order to reflect that the consecutive sentence for residential burglary is to be served concurrently with the natural life sentence; we affirm the dismissal of the defendant's successive postconviction petition in all other respects as barred by *res judicata*.

## BACKGROUND

### Motion to Suppress Statements

Prior to trial the defendant moved to suppress statements he made to police after his arrest, arguing that his statements were coerced. At a hearing on the motion, the State introduced police testimony that officers arrived at 1660 South Drake in Chicago to arrest the defendant on January 14, 1986. When the defendant saw the officers, he jumped out of a second-story window and ran 10 to 15 feet before he was detained. When the officers transported the defendant to Area 4 for questioning, he walked with a slight limp. The defendant said his foot

hurt but only while walking. According to the officers, the defendant declined offers to go to the hospital. The officers testified that the defendant was never told that he would only receive medical treatment if he made a statement.

The defendant testified that he fell out of the window as an officer holding a gun in one hand reached for the defendant with his other hand. The defendant testified that "both of my bones was sticking out of both of my knees" and he had to be helped into the police station because he could not walk. Once inside, officers said he would only be taken to the hospital if he made a statement. Police took him to Mount Sinai hospital 75 minutes after he made an inculpatory statement.

Because he was still in pain the following morning, the defendant asked to go to "sick call." The defendant testified that he was taken to Cermak Clinic the next day, where doctors scheduled knee surgery. He did not know exactly when the surgery took place but testified that it was probably four or five months after his arrest. Defense counsel did not introduce the defendant's medical records or clarify the date of the defendant's purported surgery.

The trial court found the defendant's testimony that officers linked medical treatment to giving an inculpatory statement was not credible and denied his motion to suppress.

## Trial

The defendant was tried with codefendants Robert Jernigan and Lorenzo White before separate juries. Because the issues raised in the instant postconviction petition are not based on the evidence introduced at trial, we only present a brief summary.

The defendant's statement to the police was read into evidence. In it, the defendant stated that on January 5, 1986, Jernigan suggested that White and the defendant help him rob Sylvia Wilson. While Jernigan entered Ms. Wilson's apartment, the defendant waited in the lobby of her apartment building and White waited in a car on the street. Jernigan returned to the lobby 15 minutes later and asked the defendant to help carry bags from the apartment. When the defendant entered Ms. Wilson's apartment, she was tied up on the bed. After reentering the apartment, Jernigan hit her on the head, placed a rag into her mouth, and tied the rag in place. Jernigan and the defendant rejoined White in the car, left the scene and split the $45 proceeds of the robbery. The evidence demonstrated that Ms. Wilson died from strangulation.

Three witnesses saw the defendant in the lobby of Ms. Wilson's apartment building on the date of the crime. The defendant's wife also testified that a few days after Ms. Wilson's death, she overheard Jerni-

gan say he tied up someone. When she asked the defendant if he was with Jernigan at the time, the defendant admitted that "he was around."

The jury found the defendant guilty of murder, residential burglary, and robbery.

## Sentencing

At the sentencing hearing, defense attorney did not present any evidence in mitigation, although he informed Judge Collins that several of the defendant's family members were present in court. Judge Collins sentenced the defendant to natural life for the murder based on a finding that it was committed in a brutal and heinous manner. Judge Collins sentenced the defendant to a consecutive 30 years' imprisonment for residential burglary, to be served concurrently with a 7-year sentence for robbery.

## Direct Appeal

On direct appeal, the defendant raised three issues: (1) the trial court erred in failing to suppress his statement; (2) the evidence did not prove him guilty beyond a reasonable doubt; and (3) his sentence was excessive. This court affirmed his conviction and sentence. *Ramey*, 240 Ill. App. 3d at 456.

## 1994 Postconviction Petition

In 1994, the defendant filed a *pro se* postconviction petition contending in part that police officers coerced his inculpatory statement by withholding medical treatment. The trial court determined that the petition stated a gist of a constitutional claim and appointed counsel for the defendant. The State thereafter moved to dismiss the 1994 petition, claiming the issues raised were barred by *res judicata*; the trial court granted the motion. This court affirmed the dismissal on appeal. *Ramey*, No. 1—96—3098 (unpublished order under Supreme Court Rule 23).

## The Present Postconviction Petition

In October 2003, the defendant filed this second *pro se* postconviction petition. In December 2003, the defendant filed what he titled a "supplement petition." Judge Jones dismissed the "supplement petition" as patently without merit. The defendant appealed from the dismissal of his "supplement petition," with counsel appointed to represent him in that appeal. Appointed counsel moved to dismiss the appeal, contending the dismissal order was not a final and appealable order because any issue raised in the December 2003 supplemental petition could be added to any amended petition to be filed based on the October 2003 petition, which passed to the second stage when

Judge Jones did not dismiss it within 90 days of its filing. See 725 ILCS 5/122—2.1 (West 2002). The December 2003 postconviction appeal was dismissed; appellate counsel was appointed to represent the defendant in the second-stage proceedings before Judge Jones on the October 2003 petition.[1]

In August 2006, appointed counsel filed a "supplemental petition," arguing in part that defense counsel provided ineffective assistance by failing to (1) clarify the timing of the defendant's knee surgery; (2) seek an inquiry with the defendant's jury after discovering that the defendant's jurors were concerned because they saw codefendant Jernigan looking at their juror cards;[2] or (3) call any mitigation witnesses at the sentencing hearing. The supplemental petition also contended that the defendant's 30-year sentence for residential burglary is void because it is consecutive to his natural life sentence.

In a motion to dismiss the second-stage proceedings before Judge Jones, the State argued that the defendant forfeited all of his contentions because he could not demonstrate an objective "cause" for his failure to raise those contentions in his 1994 petition, citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 459, 793 N.E.2d 609 (2002), as authority. After a hearing on the motion, Judge Jones agreed with the State and dismissed the petition. This appeal followed.

## ANALYSIS

Under the Act, a defendant's conviction is subject to collateral attack based upon a denial of his constitutional rights. 725 ILCS 5/122—1 (West 2002). Where the death penalty is not at issue, postconviction petitions are adjudicated in three stages. *People v. Hobson*, 386 Ill. App. 3d 221, 230-31, 897 N.E.2d 421 (2008). If a petition is not summarily dismissed by the trial court, it advances to the second stage where an indigent defendant is provided assistance by counsel. *Hobson*, 386 Ill. App. 3d at 230-31. At the second stage, the petition under consideration must make a substantial showing of a constitutional violation or be subject to a motion to dismiss. See *People v. Vasquez*,

---

[1]The parties dispute whether the second-stage proceedings contemplated both the October 2003 petition and the December 2003 "supplement petition." The dispute is a nonissue in this appeal because the only postconviction claims before us are those raised in the amended petition filed in August 2006.

[2]The State initially argued that Jernigan only viewed his own jury's information cards and not that of the defendant's. We granted the State's request for leave to file a surreply in which it noted that the defendant's jury did express concern that Jernigan had, inexplicably, looked at their information cards.

356 Ill. App. 3d 420, 422, 824 N.E.2d 1071 (2005); 725 ILCS 5/122—5 (West 2006). If the State's motion to dismiss is denied or no such motion is filed, the State must file a timely answer to the postconviction petition. 725 ILCS 5/122—5 (West 2006). If upon consideration of the petition, with any accompanying documentation and in light of the State's answer, the trial court determines that the requisite showing of a constitutional violation has been made, a third-stage evidentiary hearing must follow. *Hobson*, 386 Ill. App. 3d at 231. Our review of a dismissal of a postconviction petition short of an evidentiary hearing is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 389, 701 N.E.2d 1063 (1998).

The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459, 793 N.E.2d 609 (2002). Normally, where a successive postconviction petition is filed, unless a claim of actual innocence is made in a nondeath case, a defendant must make a "cause-and-prejudice" showing to avoid forfeiture.[3] *Pitsonbarger*, 205 Ill. 2d at 459. The supreme court reiterated "that 'cause' *** refers to any objective factor, external to the defense, which impeded the petitioner's ability to raise a specific claim in the initial post-conviction proceeding. Thus, when 'cause' is based on a fundamental deficiency in the first post-conviction proceeding, the petitioner must show that the deficiency directly affected his ability to raise the specific claim now asserted." *Pitsonbarger*, 205 Ill. 2d at 462. To show "prejudice" under the test, a defendant must show that the claimed error "so infected the entire trial that the resulting conviction or sentence violates due process." *Pitsonbarger*, 205 Ill. 2d at 464. "[A] petitioner must establish cause and prejudice as to each individual claim asserted in a successive petition, even if he demonstrates that his initial post-conviction [petition] was deficient in some fundamental way." *Pitsonbarger*, 205 Ill. 2d at 463.

In the instant postconviction petition, the defendant claims that defense counsel provided ineffective assistance by failing to clarify the timing of the defendant's surgery, inquire about the defendant's jurors' concern over Jernigan's view of their information cards, or call any

---

[3]The cause-and-prejudice test, first recognized by Illinois courts in *People v. Flores*, 153 Ill. 2d 264, 278-79, 606 N.E.2d 1078 (1992), and made mandatory in *Pitsonbarger*, 205 Ill. 2d at 459, is now part of the Act itself. In 2004, the legislature passed an amendment requiring a defendant to seek leave to file a successive postconviction petition conditioned upon meeting the cause-and-prejudice test. See Pub. Act 93—493, eff. January 1, 2004 (amending 725 ILCS 5/122—1 (West 2002)). While the statutory amendment does not apply to the petition the defendant filed in 2003, the same cause-and-prejudice analysis applies under the common law rule. *Pitsonbarger*, 205 Ill. 2d at 459.

mitigation witnesses at sentencing, and that his 30-year sentence for residential burglary is void because it is consecutive to his life sentence. The defendant contends that forfeiture does not apply to these claims because the unreasonable assistance of his appointed counsel in the 1994 postconviction proceeding was the objective "cause" of his failure to raise these claims previously. The defendant argues that his 1994 postconviction counsel was unreasonable when she failed to properly examine the trial record and amend his 1994 petition to include these claims.

Counsel is provided in the second-stage postconviction proceeding " 'to ensure that the complaints of a prisoner are adequately presented.' " *People v. Richardson*, 382 Ill. App. 3d 248, 254, 888 N.E.2d 553 (2008), quoting *People v. Suarez*, 224 Ill. 2d 37, 46, 862 N.E.2d 977 (2007). The duties imposed by Rule 651(c) frame appointed counsel's obligations " ' "to investigate and properly present the *petitioner's* claims." ' " (Emphasis in original.) *Richardson*, 382 Ill. App. 3d at 254, quoting *People v. Pendleton*, 223 Ill. 2d 458, 476, 861 N.E.2d 999 (2006), quoting *People v. Davis*, 156 Ill. 2d 149, 164, 619 N.E.2d 750 (1993). While postconviction counsel " 'may raise additional issues if he or she so chooses, there is no obligation to do so.' " *Richardson*, 382 Ill. App. 3d at 254, quoting *Pendleton*, 223 Ill. 2d at 476.

## "Cause" in This Case

■ The defendant provides no authority for the proposition that the failure of appointed counsel to amend the defendant's first postconviction petition to include issues the defendant himself did not raise satisfies the "cause" prong of the cause-and-prejudice test. Nor does he explain how counsel in the defendant's first postconviction proceeding may constitute an "objective factor, *external to the defense,* which impeded the petitioner's ability to raise a specific claim in the initial post-conviction proceeding." (Emphasis added.) *Pitsonbarger*, 205 Ill. 2d at 462. As our supreme court made clear, objective cause concerns an impediment to raising a specific claim in an earlier petition. *Pitsonbarger*, 205 Ill. 2d at 462. We are unpersuaded that postconviction counsel did, or could have done, anything to impede the defendant from raising the claims he urges before us in the *pro se* petition he filed in 1994, before counsel was appointed to assist him. Nor does he contend that a liberal reading of the allegations in his 1994 *pro se* petition gave rise to the claims in the present petition.

Case law is clear: the " 'reasonable level of assistance' " a defendant is entitled to in a postconviction proceeding is limited to counsel presenting the *petitioner's claims. Richardson*, 382 Ill. App. 3d

at 252, quoting *Suarez*, 224 Ill. 2d at 42. "[P]ostconviction counsel is required to reshape the claims contained in *pro se* petitions to put them into appropriate legal form; *** postconviction counsel is [not] required to formulate new claims." *Vasquez*, 356 Ill. App. 3d at 424-25.

The defendant seeks to challenge once again the performance of his trial counsel based on a contention that postconviction counsel in the 1994 proceeding should have raised the claims the defendant raises in the instant petition. He contends first postconviction counsel's unreasonable assistance may constitute "cause" to permit the filing of a successive petition. In other words, the defendant contends that because postconviction counsel provided unreasonable assistance, *res judicata* should not flow from his 1994 postconviction proceeding to bar the petition before us. The defendant's novel argument, we conclude, is foreclosed by the supreme court's decision in *People v. Szabo*, 186 Ill. 2d 19, 42, 708 N.E.2d 1096 (1998).

In *Szabo*, the supreme court addressed an appeal from the denial of a second postconviction petition challenging the sentencing hearing in a death penalty case. The supreme court had earlier affirmed the denial of postconviction relief stemming from the defendant's first postconviction petition. See *People v. Szabo*, 144 Ill. 2d 525, 582 N.E.2d 173 (1991). Affirming the denial of his first postconviction proceeding "would normally be sufficient to negate any suggestion that the defendant is now entitled to a second opportunity to establish a constitutional defect in the sentencing proceedings." *Szabo*, 186 Ill. 2d at 24. To avoid this expected result, the defendant claimed that the decision in *People v. Johnson*, 154 Ill. 2d 227, 609 N.E.2d 304 (1993), decided after his appeal from his first postconviction petition, opened the door for "a reexamination of the holding in the appeal from the first postconviction petition [citation] that postconviction counsel sufficiently complied with Rule 651(c)'s requirements." *Szabo*, 186 Ill. 2d at 25. The "reexamination" by way of a second postconviction petition, so the defendant urged, should not be subject to the *res judicata* bar. The supreme court rejected the argument. "We see no reason to excuse this repetitive filing, even on the ground that the holding in *Johnson* required postconviction counsel to do more than what was done in that earlier proceeding." *Szabo*, 186 Ill. 2d at 25. The supreme court made clear that a challenge to postconviction counsel's conduct in an earlier postconviction proceeding rarely may form the basis to find an earlier postconviction proceeding deficient: "the postconviction process does not provide a forum by which a defendant may challenge the conduct of counsel at an earlier postconviction proceeding." *Szabo*, 186 Ill. 2d at 26, citing *People v. Flores*, 153 Ill. 2d 264, 276-77, 606 N.E.2d 1078 (1992).

This holding in Justice Miller's majority opinion in *Szabo* was reemphasized by Chief Justice Freeman in his special concurrence. "To hold otherwise would allow the fundamental-deficiency exception to *res judicata* to swallow the general proscription against the use of successive petitions to assail the conduct of post-conviction counsel." *Szabo*, 186 Ill. 2d at 42 (Freeman, C.J., specially concurring, joined by Heiple, J.). In other words, allegations that amount to nothing more than a claim that first postconviction counsel inadequately amended the defendant's first postconviction petition cannot "establish 'cause' for a finding of a fundamental deficiency in the prior proceeding as contemplated in *Flores*" to allow a successive petition to go forward. *Szabo*, 186 Ill. 2d at 44 (Freeman, C.J., specially concurring, joined by Heiple, J.).

Neither the defendant's sentencing claim nor his ineffective assistance of trial counsel claims were raised in his 1994 postconviction petition, although each was fully contained within the trial record. As we noted above, no Illinois authority requires postconviction counsel to "formulate new claims." *Vasquez*, 356 Ill. App. 3d at 424-25. Nor does the defendant provide a basis to assert that postconviction counsel, regarding the 1994 petition, provided less than a reasonable level of assistance. See *Richardson*, 382 Ill. App. 3d at 254, citing *Pendleton*, 223 Ill. 2d at 476. Given that postconviction counsel is under no obligation to raise issues in addition to those raised by a defendant in his *pro se* petition, we are unpersuaded that the failure of postconviction counsel to raise additional issues may satisfy the "cause" prong to warrant consideration of a successive petition. Where no showing has been made that postconviction counsel's conduct fell below reasonable assistance, there is no authority to hold that postconviction counsel's conduct constitutes "cause" under the cause-and-prejudice test. The defendant's inability to demonstrate an objective "cause" for his failure to raise the instant claims in his 1994 petition results in forfeiture. *Pitsonbarger*, 205 Ill. 2d at 458-59.[4]

## Void Sentence

■ In anticipation of our holding, the defendant argues that his consecutive 30-year sentence is void, subject to attack at any time, even if he cannot demonstrate "cause" for his failure to raise the issue in the 1994 petition. See *People v. Waldron*, 375 Ill. App. 3d 159,

---

[4]We note that to prevent a fundamental miscarriage of justice involving a defendant that makes a sufficient showing of actual innocence, his failure to raise a claim in an earlier petition will be excused even where he fails to satisfy the cause-and-prejudice test. *Pitsonbarger*, 205 Ill. 2d at 459. However, this is not such a case.

160, 872 N.E.2d 1036 (2007), citing *People v. Thompson*, 209 Ill. 2d 19, 27, 805 N.E.2d 1200 (2004).

In *People v. Palmer*, 218 Ill. 2d 148, 843 N.E.2d 292 (2006), our supreme court discussed the irrationality of consecutive life sentences. Our supreme court noted that serving consecutive life sentences is impossible "according to natural law and within the plain meaning of \*\*\* 'consecutive.' " *Palmer*, 218 Ill. 2d at 164. To make the sentences consistent with the laws of nature, the court modified the defendant's life sentences to be served concurrently rather than consecutively. *Palmer*, 218 Ill. 2d at 169-70.

As this court has repeatedly held, the reasoning of *Palmer* renders a term of years consecutive to a life sentence void; void sentences can be attacked at any time, even when raised for the first time in a successive postconviction petition without demonstrating an objective "cause" for his failure to raise the issue earlier. *Waldron*, 375 Ill. App. 3d at 160-61; see also *People v. Spears*, 371 Ill. App. 3d 1000, 1007, 864 N.E.2d 758 (2007) (claim that consecutive sentence is void raised for the first time on appeal from the dismissal of a successive petition nonetheless considered). Just as consecutive life sentences "would add not one minute or one day to [a] defendant's punishment" (*Palmer*, 218 Ill. 2d at 169), a term of years consecutive to a natural life sentence does not add another minute to the time the defendant will spend in prison. Nor is such a sentence subject to forfeiture because " 'a sentencing judge cannot impose a penalty not otherwise allowed by the sentencing statute in question.' " *Waldron*, 375 Ill. App. 3d at 160-61, quoting *Palmer*, 218 Ill. 2d at 154; see also *Spears*, 371 Ill. App. 3d at 1007 (noting our "independent duty to vacate void orders").

The State argues that we should adopt the position taken by Justice Garman in dissent in *Palmer* that in the face of legislation mandating sentences be consecutive, courts do not "possess[ ] the discretion to breach \*\*\* statutory parameters requiring consecutive sentencing." *Palmer*, 218 Ill. 2d at 172 (Garman, J., concurring in part and dissenting in part, joined by Thomas, C.J., and Karmeier, J.). In presenting such an argument, the State ascribes more authority to this court than we possess. See *Kelley v. Sheriff's Merit Comm'n*, 372 Ill. App. 3d 931, 934, 866 N.E.2d 702 (2007) ("[w]here the Supreme Court has declared the law on any point, it alone can overrule and modify its previous action"). According to our supreme court, sentences consecutive to a life sentence violate natural law and must be modified to be served concurrently. *Palmer*, 218 Ill. 2d at 170. We are bound by that holding.

We note that in a case in which our supreme court granted leave to appeal, the Third District acknowledged that a term of years

consecutive to a life sentence contravenes natural law, but found that such a sentence is not void. Based on its conclusion that such a sentence is merely voidable, the Third District held that a successive postconviction petition raising such a claim cannot go forward without a showing of "cause." See *People v. Petrenko*, 385 Ill. App. 3d 479, 484-85, 896 N.E.2d 873 (2008), *appeal allowed*, 231 Ill. 2d 646 (2009). We decline to follow *Petrenko*. Until our supreme court rules otherwise, we rely on the weight of recent authority finding orders in violation of natural law to be void, not voidable. See *Waldron*, 375 Ill. App. 3d 159, 872 N.E.2d 1036; *Spears*, 371 Ill. App. 3d 1000, 864 N.E.2d 758.

Because the defendant's sentence is void, he can attack it for the first time in a successive postconviction petition, despite his failure to raise this claim in his 1994 petition and in the absence of "cause" for his failure to do so. We therefore modify the defendant's 30-year sentence to run concurrently with his life sentence. See 134 Ill. 2d R. 615(b)(4).

## CONCLUSION

Because the assistance of the defendant's appointed counsel in his 1994 postconviction proceeding cannot satisfy "cause" in the cause-and-prejudice test to allow the defendant to proceed on the successive postconviction petition before us, *res judicata* bars consideration of his claims of ineffective assistance of trial counsel that could have been raised in that petition; those claims are forfeited. However, the defendant's claim that the 30-year sentence he was ordered to serve consecutive to his life sentence is void makes a substantial showing of a constitutional violation; that claim is not forfeited. As a void sentence, the claim is properly before us; we modify the consecutive sentence to a concurrent sentence.

We affirm Judge Jones's dismissal of the defendant's ineffective assistance of trial counsel claims, but modify the sentencing order to reflect that the 30-year sentence for residential burglary be served concurrently with his natural life sentence.

Affirmed; sentence modified.

R.E. GORDON, P.J., and WOLFSON, J., concur.