Filed 12/15/09        NO. 4-09-0461

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    ) Appeal from
          Plaintiff-Appellee,            ) Circuit Court of
          v.                             ) Livingston County
STEVEN R. WUEBBELS,                      ) No. 96CF87
          Defendant-Appellant.           )
                                         ) Honorable
                                         ) Jennifer H. Bauknecht,
                                         ) Judge Presiding.
_____

          JUSTICE TURNER delivered the opinion of the court:

          In October 2008, defendant, Steven R. Wuebbels, filed a

pro se motion for relief from judgment under section 2-1401 of

the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401

(West 2008)), asserting his 30- and 60-year prison terms had to

run concurrently, not consecutively, to his natural-life sentence

in another case (People v. Wuebbels, No. 92-CF-11 (Cir. Ct.

Clinton Co.) (hereinafter case 11)).  In March 2009, the State

filed a motion to strike and dismiss defendant's petition.  After

a June 2009 hearing, the trial court struck defendant's petition.

          Defendant appeals, asserting the trial court erred by

striking his petition because the provision of his sentence

requiring his 30- and 60-year prison sentences to run consecu-

tively to his natural-life sentence is void.  We reverse the

court's striking of defendant's petition and modify his sentence.

                    I. BACKGROUND

          In June 1996, the State charged defendant with, inter

alia, attempt (first degree murder) (720 ILCS 5/8-4(a) (West

1996); 720 ILCS 5/9-1(a)(1) (West Supp. 1995)) and possession of a weapon by a person in the custody of the Department of Corrections (DOC) (720 ILCS 5/24-1.1(b) (West 1996)). The charges were based on defendant's January 1996 stabbing of a DOC prison guard in the stomach with a spear while serving a sentence of natural life without the possibility of parole in case 11. After a January 1997 trial, a jury found defendant guilty of the two aforementioned charges. Based on his prior convictions, defendant was eligible for an extended-term sentence of 30 to 60 years' imprisonment for the attempt (first degree murder) conviction (730 ILCS 5/5-5-3.2(b)(1) (West Supp. 1995); 730 ILCS 5/5-8-2(a)(2) (West 1996)) and subject to Class X sentencing (6 to 30 years' imprisonment) on the possession-of-a-weapon conviction (730 ILCS 5/5-5-3(c)(8), 5-8-1(a)(3) (West Supp. 1995)). In April 1997, the trial court sentenced defendant to maximum prison terms of 60 years for attempt and 30 years for possession of a weapon to run consecutively to each other and to the term of natural life in case 11. Defendant appealed his sentences, and this court dismissed the appeal in April 1999. People v. Wuebbels, No. 4-97-0337 (April 2, 1999) (unpublished order under Supreme Court Rule 23).

In March 2001, defendant filed a petition for postconviction relief, challenging his extended-term sentence and mandatory Class X sentence based on the United States Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The trial court summarily

- 2 -

dismissed defendant's petition as frivolous and patently without merit, and this court affirmed the dismissal in April 2002. People v. Wuebbels, No. 4-01-0325 (April 18, 2002) (unpublished order under Supreme Court Rule 23). In October 2002, the Supreme Court of Illinois denied defendant's petition for leave to appeal. People v. Wuebbels, 201 Ill. 2d 612, 786 N.E.2d 199 (2002).

In October 2008, defendant filed his pro se section 2-1401 motion, challenging the portion of his sentencing order that required his 30- and 60-year sentences to be served consecutively to his natural-life sentence in case 11. Defendant based his challenge on our supreme court's decision in People v. Palmer, 218 Ill. 2d 148, 843 N.E.2d 292 (2006). In March 2009, the State filed a motion to strike and dismiss defendant's petition, asserting defendant's petition was untimely. After a June 5, 2009, hearing, the trial court struck defendant's petition, finding the petition was untimely and meritless. Ten days later, defendant filed a pro se notice of appeal in compliance with Supreme Court Rule 606 (210 Ill. 2d R. 606).

## II. ANALYSIS

On appeal, defendant only argues the trial court erred by striking his October 2008 section 2-1401 petition because the May 1997 order requiring his sentences in this case to run consecutively to his natural-life sentence in case 11 is void. When a trial court enters a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, our review is de novo.

- 3 -

People v. Vincent, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007).

Section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West 2008)) establishes a comprehensive, statutory procedure that permits the vacatur of a final judgment older than 30 days. See Vincent, 226 Ill. 2d at 7, 871 N.E.2d at 22. The statute requires petitions to be filed within two years of the judgment's entry. 735 ILCS 5/2-1401(c) (West 2008). However, the two-year limitations period does not apply to petitions brought on voidness grounds. Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 104, 776 N.E.2d 195, 202 (2002). Defendant contends his section 2-1401 petition filed more than 11 years after the final judgment falls under the voidness exception. The State responds the consecutive-sentence order at issue is just void-able.

A. Voidness

As stated, defendant's challenge to the consecutive-sentence order at issue is based on the supreme court's decision in Palmer, 218 Ill. 2d at 170, 843 N.E.2d at 305, where it modified a sentence of five terms of natural life in prison from running consecutively to running concurrently. The Palmer court held the consecutive-sentencing provision of section 5-8-4(a) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-4(a) (West 2002)) was inapplicable, "based on the plain meaning of the word 'consecutive.'" Palmer, 218 Ill. 2d at 165, 843 N.E.2d at 302.

In support of its argument, the State notes the Third

District's decision in People v. Petrenko, 385 Ill. App. 3d 479, 485, 896 N.E.2d 873, 878 (2008), where the court concluded a consecutive-sentencing order potentially improper under Palmer did not present a voidness issue and declined to address the argument's merits as the defendant had not previously raised the issue. The Third District stated the Palmer court's analysis did not address the issue of whether the sentence was void. Petrenko, 385 Ill. App. 3d at 485, 896 N.E.2d at 878. However, that statement overlooks Palmer's early analytical language.

The Palmer court began its analysis by noting the defendant failed to present his sentencing issues at his sentencing hearing and in his posttrial motion. Palmer, 218 Ill. 2d at 154, 843 N.E.2d at 296. One of the sentencing issues listed was "whether the trial court properly imposed consecutive natural-life sentences pursuant to the [Unified] Code." Palmer, 218 Ill. 2d at 154, 843 N.E.2d at 296. Our supreme court agreed with the parties it could review the defendant's claim the trial court's sentence was void and gave the following reasoning:

"A sentence imposed without statutory author-
ity is not subject to defendant's forfeiture.
[Citations.] It is well established that a
sentencing judge cannot impose a penalty not
otherwise allowed by the sentencing statute
in question." Palmer, 218 Ill. 2d at 154,
843 N.E.2d at 296.

The Third District also overlooked the Palmer court's

express holding that the consecutive-sentencing provision of section 5-8-4(a) did not apply. Palmer, 218 Ill. 2d at 165, 843 N.E.2d at 302. An order is void where the court that entered the judgment lacked (1) jurisdiction of the (a) parties or (b) subject matter or (2) the inherent power to make or enter the order. People v. Madej, 193 Ill. 2d 395, 401, 739 N.E.2d 423, 427 (2000). Specifically, regarding the inherent power to enter a criminal-sentencing order, it is well settled any portion of a sentence not authorized by statute is void. People v. Thompson, 209 Ill. 2d 19, 23, 805 N.E.2d 1200, 1203 (2004). The Palmer court's conclusion section 5-8-4(a) did not authorize the consecutive sentences means the trial court did not have the inherent authority to order consecutive sentences, and thus the consecutive sentences were void.

Additionally, the Third District and the State cite People v. Davis, 156 Ill. 2d 149, 155, 619 N.E.2d 750, 754 (1993), in support of the conclusion the consecutive-sentencing order was not void. See Petrenko, 385 Ill. App. 3d at 485, 896 N.E.2d at 878. However, as our supreme court has pointed out, Davis was not a sentencing case. Thompson, 209 Ill. 2d at 24, 805 N.E.2d at 1203. At issue in Palmer and here is voidness based on a court's inherent power to enter a particular sentencing order, not personal or subject-matter jurisdiction.

Accordingly, if the consecutive sentences at issue here were unauthorized like the ones in Palmer, defendant's consecutive sentences are void, and section 2-1401's two-year limita-

tions period did not apply to defendant's petition.  See <u>People</u> <u>v. Ramey</u>, 393 Ill. App. 3d 661, 671, 913 N.E.2d 670, 679 (2009) (declining to follow <u>Petrenko</u>'s conclusion an order requiring a sentence to be served consecutive to a natural-life term is voidable).  In this case, the trial court imposed the consecutive sentences at issue under section 5-8-4(f) of the Unified Code (730 ILCS 5/5-8-4(f) (West Supp. 1995)), and thus we next analyze whether that section authorizes the imposition of consecutive sentences to a sentence of natural life in prison.

B. Section 5-8-4(f) of the Unified Code

Section 5-8-4(f) of the Unified Code (730 ILCS 5/5-8-4(f) (West Supp. 1995)) provides the following:

"A sentence of an offender committed to [DOC] at the time of the commission of the offense shall be served consecutive to the sentence under which he is held by [DOC]. However, in case such offender shall be sentenced to punishment by death, the sentence shall be executed at such time as the court may fix without regard to the sentence under which such offender may be held by [DOC]."

In this case, defendant committed the crimes at issue while in DOC.  Thus, it would appear the trial court not only had the authority to, but was mandated to, order the sentences be consecutive to defendant's natural-life sentence in case 11. However, the same situation existed in <u>Palmer</u>.  There, the

- 7 -

language of section 5-8-4(a)(i) of the Unified Code (730 ILCS 5/5-8-4(a)(i) (West 2002)) appeared to require the trial court to impose consecutive sentences because the offenses at issue were Class X felonies and the defendant had clearly inflicted severe bodily injury. Palmer, 218 Ill. 2d at 165, 843 N.E.2d at 302. Despite the trial court's apparent statutory compliance, our supreme court held section 5-8-4(a) did not apply, "based on the plain meaning of the word 'consecutive.'" Palmer, 218 Ill. 2d at 165, 843 N.E.2d at 302.

The Palmer court explained the definition of "consecutive" as follows:

> "'Consecutive' has been defined as 'following esp. in a series: one right after the other often with small intervening intervals.' [Citation.] Additionally, 'consecutive sentences' are '[t]wo or more sentences of jail time to be served in sequence. For example, if a defendant receives consecutive sentences of 20 years and [5] years, the total amount of jail time is 25 years.' [Citation.] It belabors the obvious to state that at the conclusion of a defendant's first natural-life sentence, his life is over. Further, [DOC] cannot enforce an order imposing another natural-life sentence consecutive to it. Thus, consecutive natural-life sen-

- 8 -

tences cannot follow in a series right after one another. Defendant cannot serve two natural-life sentences in sequence, nor will the total amount of two or more natural-life sentences ever be more than defendant's one life. There is only one way in which a defendant can serve the sentences, with his one life. Therefore, the sentences may not be consecutive, but must be concurrent because concurrent sentences are sentences which operate simultaneously." Palmer, 218 Ill. 2d at 167-68, 843 N.E.2d at 303-04.

Our supreme court also noted calling the sentences "consecutive would add not one minute or one day to [the] defendant's punishment." Palmer, 218 Ill. 2d at 169, 843 N.E.2d at 304. The "defendant's actual sentence is governed by the laws of nature." Palmer, 218 Ill. 2d at 169, 843 N.E.2d at 305.

Section 5-8-4(f) of the Unified Code (730 ILCS 5/5-8-4(f) (West Supp. 1995)) also uses the term "consecutive." As with mandatory consecutive life sentences under section 5-8-4(a)(i), a prison term of years cannot follow a natural-life sentence as the defendant's life is over at the end of the natural-life sentence. Moreover, just as with consecutive life sentences, only one method of serving a natural-life sentence and a term-of-years sentence exists, and that is concurrently.

The State argues Palmer's reasoning does not apply to

section 5-8-4(f) because the section's second sentence indicates the legislature recognized the potential impossibility of a defendant actually or physically serving the consecutive sentence due to death but still expressly required consecutive sentences. We disagree as the State has misinterpreted that provision. The second sentence of section 5-8-4(f) of the Unified Code provides that, if the defendant is sentenced to death for the crime he or she committed in prison, the court may set an execution date regardless of another sentence for which the defendant is in DOC. In other words, the death sentence does not have to follow in a series, i.e., be consecutive to, another prison sentence.

Thus, while the supreme court has not addressed section 5-8-4(f) of the Unified Code and consecutive sentences to a natural-life term, the same reasoning and logic used by the supreme court applies to the situation here. We note the First and Second Districts have reached the same conclusion with regard to a prison term of years consecutive to a natural-life sentence under section 5-4-8(a) of the Unified Code. See Ramey, 393 Ill. App. 3d at 670-71, 913 N.E.2d at 679 (First District); People v. Waldron, 375 Ill. App. 3d 159, 161, 872 N.E.2d 1036, 1038 (2007) (Second District); People v. Spears, 371 Ill. App. 3d 1000, 1008, 864 N.E.2d 758, 766 (2007) (First District); People v. Dixon, 366 Ill. App. 3d 848, 856, 853 N.E.2d 1235, 1243 (2006) (First District). Additionally, while we tend to agree with Justice Garman's dissent in Palmer, 218 Ill. 2d at 170-74, 843 N.E.2d at 305-08 (Garman, J., concurring in part and dissenting in part,

joined by Thomas, C.J., and Karmeier, J.), we recognize, like the First District, that this court is bound by the majority's holding. See <u>Ramey</u>, 393 Ill. App. 3d at 671, 913 N.E.2d at 679.

Accordingly, this court finds the trial court erred by striking defendant's section 2-1401 petition as the consecutive-sentence order at issue was void because section 5-8-4(f) of the Unified Code did not provide the trial court the inherent authority to impose consecutive sentences. Thus, pursuant to Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we modify defendant's sentences to run concurrently to his natural-life sentence in case 11. See <u>Palmer</u>, 218 Ill. 2d at 170, 843 N.E.2d at 305. We remand for issuance of an amended sentencing judgment so reflecting.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment, modify defendant's sentences as stated, and remand with directions.

Reversed; judgment modified and remanded with directions.

McCULLOUGH and KNECHT, JJ., concur.

- 11 -